■ CATHERINE D. MAHON, Respondent, v JOHN F. MAHON, JR., Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Lockman, J.), dated October 25, 1985, which, *inter alia,* (1) ordered him to convey title to the marital residence to the plaintiff wife, (2) awarded the plaintiff $70 maintenance and $70 per week child support per child, and (3) failed to provide that the defendant could claim the parties' five children as dependents for income tax purposes.

Ordered that the judgment is modified, as a matter of discretion, by adding a provision thereto that, so long as the defendant satisfies his child support obligations, he is authorized to declare the parties' children as dependents for income tax purposes until such time as they become emancipated. As so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The record fully supports the court's finding that the defendant, an accountant, brought financial difficulties upon the family during the final years of the parties' marriage. Under these circumstances, we conclude that the court could direct the defendant to convey title to the marital home to the plaintiff *(see,* Domestic Relations Law § 236 [B] [5] [d]; *see, Whelan v Whelan,* NYLJ, Sept. 24, 1981, at 12, cols 5-6).

The award of a total of $420 per week in maintenance and child support for the plaintiff and the parties' five children is in keeping with the parties' earning capacities and previous weekly expenses. However, because the defendant is obligated to provide a total of $350 per week in child support, he should be permitted to claim the children as dependents for income tax purposes.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.