■ In the Matter of Thomas G. Sotanski, Respondent, v Belinda McNichols, Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Ulster County (Leaman, J.), entered November 12, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

In 1981, after 11 years of marriage, petitioner, the natural father, and respondent, the natural mother, divorced. Pursuant to a stipulation incorporated but not merged into the divorce judgment, respondent obtained custody of the parties' five children; petitioner was permitted visitation. The stipulation prohibited respondent from permanently removing the children from New York.

Following the divorce, both parties remarried; respondent has since divorced and remarried again. In April 1983, petitioner initiated the instant proceeding seeking permanent custody of the children. Shortly thereafter, the oldest child, then almost 11 years of age, attempted to run away from respondent's home. Temporary custody of the child was awarded to petitioner, and at the commencement of the Family Court trial the parties stipulated that petitioner would have permanent custody of her.

Apparently, because of circumstances beyond the parties' and Family Court's control, the evidentiary portion of the trial, consisting of 10 days of testimony, was not concluded until June 1985. The case then laid dormant for two years until petitioner requested and was granted permission to file an amended pleading reciting changed circumstances, allegedly occurring after June 1985. Family Court reopened the proof and the proceedings were scheduled to resume on October 12, 1988. On that date, petitioner and counsel for both parties appeared, but respondent failed to arrive. Her attorney indicated that she had since moved to Florida with the children and was unable to be in New York for the hearing; he asked the court to either adjourn the proceeding to October

17, 1988, a time at which respondent had indicated she could be present, or proceed with the trial in respondent's absence. Petitioner's counsel requested that the court immediately award petitioner permanent custody. The Law Guardian recommended that the court either proceed with the trial or, alternatively, grant petitioner temporary custody, pending respondent's return to New York.

Family Court, adverting to *Daghir v Daghir* (82 AD2d 191, *affd* 56 NY2d 938), thereupon awarded permanent custody to petitioner, giving as its reason for doing so the fact that respondent had left New York without permission and thereby unjustifiably and materially interfered with petitioner's visitation rights. This appeal by respondent followed; we reverse.

The governing standard in deciding whether a prior award of custody should be modified is the best interest of the child when all of the applicable prevailing circumstances are considered *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). Geographic relocation is but one factor among many to be taken into account when making such a determination; not every move made in the absence of compelling circumstances provides grounds for a change in custody *(see, Matter of Jones v Jones,* 105 AD2d 535, *affd* 65 NY2d 649; *Matter of Yeo v Cornaire,* 91 AD2d 1153, 1154, *affd* 59 NY2d 875). And although respondent's behavior is not to be condoned, it does not automatically render her undesirable as a custodian *(see, Matter of Jones v Jones, supra).*

As Family Court's determination is not based on the totality of the circumstances, as *Friederwitzer (supra)* requires, it must be reversed, for the best interests of the children, the court's first and paramount concern, has not been fully explored *(see, Obey v Degling,* 37 NY2d 768).

Order reversed, on the law, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.