■ In the Matter of HELEN F. ZUPO, Appellant, v LOUISE EDWARDS, Respondent.—Mahoney, P. J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered April 5, 1989, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Thomas J. Edwards.

This proceeding concerns custody of a boy born June 25, 1983. Petitioner is the maternal grandmother and respondent is the paternal grandmother. Pursuant to a 1984 order of Family Court, respondent was awarded temporary custody "until such time as there is a full hearing on this matter". Other temporary orders were made until April 5, 1989 when a hearing was held. Family Court dismissed petitioner's petition for custody and, *inter alia,* awarded permanent custody to respondent. This appeal followed.

Modification of custody determinations requires a full and comprehensive hearing (see, e.g., *Obey v Degling,* 37 NY2d 768) so as to consider all relevant factors in deciding the best interest of the child (see, e.g., *Matter of Sotanski v McNichols,* 155 AD2d 781). Indeed, the 1984 order recognized the need for a full hearing. The hearing held, however, consisted solely of petitioner's testimony and reports from various social service agencies. The reports, which we have reviewed, contain numerous conflicting statements and unsubstantiated allegations concerning the various individuals involved. The limited testimony did little to resolve these uncertainties. The absence of testimony by other individuals involved in the child's well-being, including his parents and respondent, is particularly unsettling. We further note that Family Court's decision was neither written nor supported by extensive findings and was

based on whether there was a substantial change in circumstances, which is not the appropriate standard in change of custody matters *(see, Matter of Sotanski v McNichols, supra).* Under such circumstances, we believe it appropriate for Family Court to hold a full and comprehensive hearing on the question of custody.

Order reversed, on the law, with costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.