■ In the Matter of CHAUNCEY W., a Child Alleged to be Neglected.—Order unanimously affirmed without costs. Memorandum: In this proceeding pursuant to Family Court Act article 10, the evidence was sufficient to support the court's order extending placement and modifying custody. "On an application to extend placement of a neglected child, the burden is on the petitioning Department of Social Services to establish either the continued unfitness of the parents or that return of the child would likely result in physical or psychological harm" *(Matter of Faith Z.,* 92 AD2d 990, *lv denied* 59 NY2d 601; *cf., Matter of Sunshine A. Y.,* 88 AD2d 662). The proof submitted by the Monroe County Department of Social Services established that respondent refused to attend counseling sessions and thwarted the agency's efforts to provide for visitation. There was no evidence that respondent's situation had changed from the previous extension of placement. Additionally, Chauncey W., 15 years old at the time of the hearing, testified that she preferred her current custodial arrangement to living with respondent. The views of an adolescent are entitled to respect by the court on the question of custody, especially when other evidence substantiates that the care and welfare of the child are served by the custody arrangement *(see, Matter of Mittenthal v Dumpson,* 37 Misc 2d 502).

We also conclude that Family Court's decision to transfer custody of Chauncey to her brother and sister-in-law in Maryland was not an abuse of discretion. Family Court Act § 1055 "gives the Family Court broad discretion in deciding where to place an abused or neglected child" (Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1055, at 443). The home study prepared by the Department of Social Services for Prince George's County, as well as Chauncey's testimony, support the finding that the custodial arrangement was in Chauncey's best interest. Contrary to respondent's argument, the order of the court does not constitute a "de facto" termination of parental rights. Respondent will be apprised on a regular basis of Chauncey's progress, and future visitation has not been precluded. (Appeal from Order

of Monroe County Family Court, Miller, J.—Extend Placement.) Present—Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.