■ JANICE DANIELS, Respondent, v PAUL DANIELS, Appellant. [609 NYS2d 946] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Doran, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered August 6, 1992 in Schenectady County, upon a decision of the court.

The parties were married in December 1975. They have two children; John Paul, born in 1979, and Michael, born in 1982. John Paul has been severely handicapped since birth from the effects of cerebral palsy, epileptic seizures and mental retardation. Mentally, he functions at the level of an eight-month-old infant and is in need of constant care.

The parties physically separated in July 1989 when plaintiff obtained an order of protection from Family Court barring defendant from the marital residence because of his violent verbal and physical abuse toward plaintiff. In April 1990, Family Court entered an order pendente lite, obligating defendant to pay plaintiff $125 per week for child support and $75 per week in maintenance. Plaintiff commenced this action for divorce alleging cruel and inhuman treatment by defendant and seeking equitable distribution.

The trial testimony revealed that at the time of their marriage defendant was a paid firefighter, earning approximately $12,000 annually. Plaintiff earned approximately $9,000 per year as a senior secretary. Following the birth of Michael, plaintiff did not work, other than as a full-time homemaker, for the next six years. Plaintiff again became employed in 1988 as a teaching assistant working five days a week, from 9:00 A.M. to 3:00 P.M., 10 months of the year. Throughout the marriage, defendant was largely uninvolved in the care and nurturing of the children and the care and guidance of the two children was provided by plaintiff.

Plaintiff's gross income as a secretary for the year 1991 was $17,591 while defendant's gross income as a firefighter for 1991 was $45,912. Defendant filed for bankruptcy in July 1990 because of his personal debts. Defendant's testimony that he resided at his mother's residence (where his living expenses were minimal) after being excluded from the marital home

conflicted with his statement of net worth, which indicated greater living expenses. Further, at the time of trial defendant was free of debt because of his bankruptcy.

The parties stipulated that the only assets available for equitable distribution were the marital residence, which they purchased in 1977 and is currently valued at $96,000 (encumbered by a mortgage lien of $20,202 plus a home equity loan lien in the sum of $32,352.89), and the parties' respective pensions.

Supreme Court rendered judgment in June 1992 granting plaintiff a divorce, sole custody of the two children and exclusive ownership of the marital residence. Supreme Court also directed that plaintiff was to be responsible for the mortgage and home equity loan payments. The court deviated from the guidelines of the Child Support Standards Act (hereinafter CSSA) ($186.38 per week) by awarding child support of $210 per week because of the "unusual and extraordinary expenses associated with the handicapped child". Defendant was also ordered to pay plaintiff maintenance of $75 per week for five years. The court also awarded the parties percentages of each other's respective pension benefits according to the formula enunciated in *Majauskas v Majauskas* (61 NY2d 481). This appeal by defendant followed.

Contrary to defendant's argument, we conclude that Supreme Court did not abuse its discretion in awarding sole ownership of the marital residence to plaintiff *(see, Matter of Ward v Ward,* 94 AD2d 908, 909) or in awarding her $210 in child support *(see, Bohnsack v Bohnsack,* 185 AD2d 533, 535). The judgment of Supreme Court should therefore be affirmed.

There is no requirement that each party receive an equal share of the marital assets *(see, Whispell v Whispell,* 144 AD2d 804, 805). Here, the marital residence has been fitted with special equipment to permit plaintiff to care for John Paul at home. Further, defendant has demonstrated a poor track record in handling finances and should he continue to act irresponsibly, the home providing shelter for the children could be endangered without the change in ownership *(see, Mahon v Mahon,* 129 AD2d 684). Nor can we find any abuse of discretion in awarding maintenance of $75 per week given the facts of this case *(see,* Domestic Relations Law § 236 [B] [6] [a]; *see also, Foy v Foy,* 121 AD2d 501).

Finally, Supreme Court acted within its discretion in making its permanent child support award retroactive to the date of the commencement of the divorce action. Under the CSSA

guidelines and applicable case law, the permanent order of support could be made retroactive to the date upon which a party first applied for support (see, Domestic Relations Law § 240 [1]; see also, Wacholder v Wacholder, 188 AD2d 130, 136; Lauria v Lauria, 187 AD2d 888). The award here was well within that time period.

White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.