■ In the Matter of ELIZABETH GANT, Appellant, v BERNARD HIGGINS, Respondent. [609 NYS2d 243] —Order, Family Court, Bronx County (Paul A. Grosvenor, J.) entered April 15, 1993, which dismissed petitioner's petition for change of custody of the parties' son, unanimously reversed, on the law, and the

matter remanded for a new hearing before a Judge other than the one who heretofore presided, without costs.

Upon a proper evidentiary showing on a petition for a change of custody *(see, David W. v Julia W.,* 158 AD2d 1), the court must conduct a full and comprehensive hearing *(Matter of Zupo v Edwards,* 161 AD2d 972; *Venzer v Venzer,* 144 AD2d 552) and determine whether the totality of the circumstances warrant modification in the best interests of the child *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). While the original placement is an important factor in making this determination, it does not bestow upon the custodial parent a prima facie right to custody *(see,* Domestic Relations Law §§ 70, 240; Family Ct Act §§ 651, 652; *Friederwitzer v Friederwitzer, supra,* at 93; *Matter of Ellen K. v John K.,* 186 AD2d 656, 657) and there is no requirement that a petitioner prove that there has been a substantial change in circumstances since the original placement *(Matter of Zupo v Edwards, supra,* at 972-973). In addition to the original placement, the court should take into account such factors as the relative fitness of the parents, the quality of the home environment, the parental guidance provided, and respective parental ability to provide for the child's emotional and intellectual development *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449). Additionally, while a child's expressed wishes as to custody are not necessarily determinative *(Dintruff v McGreevy,* 34 NY2d 887), they are an important factor to be considered in any custody decision *(Eschbach v Eschbach,* 56 NY2d 167, 173).

In this case, the court improperly dismissed the petition after petitioner presented her evidence. This evidence demonstrated that, since the original order placing the child in respondent's custody, the child had shown a severe drop in academic achievement as well as having had certain behavioral problems. The psychiatric testimony presented by petitioner supported the change in custody as did the testimony of the child's caseworker. The child's in camera testimony also supported a change of custody. Finally, the original placement with respondent had already been interrupted by a lengthy temporary change of custody to petitioner, thereby eliminating the possibility that retaining custody with respondent would provide the child with stability or continuity.

Upon this showing by petitioner, the court should have heard evidence from the law guardian and respondent so as to adequately have been able to determine whether the totality

of the circumstances demonstrated that a change of custody was in the child's best interests. The matter should therefore be remanded for a new hearing. Since petitioner has already presented her complete case, she may, at her option, submit into evidence the transcript of the testimony taken at the prior hearing rather than presenting her case again. Pending a decision on the petition, the child's present custody status should be maintained. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Nardelli, JJ.