■ In the Matter of STEPHEN L. PAINTER, Appellant, v MELODY C. PAINTER, Respondent. [621 NYS2d 741] —Crew III, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered May 25, 1993, which, inter alia,

dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior custody order.

The parties were married in June 1984 and have three children, Christopher (born in Feb. 1986), Michelle (born in Apr. 1988) and Kayla (born in June 1990). It appears that following their separation in November 1989, the parties stipulated to joint legal custody of Christopher and Michelle, with physical custody to respondent and reasonable visitation to petitioner. A subsequent order encompassing all three children and continuing the prior custody arrangement was entered on February 25, 1992. Shortly thereafter, petitioner filed two violation petitions contending, *inter alia,* that respondent was interfering with his visitation rights. During this same time period allegations of sexual abuse were raised, and visitations between petitioner and the children were suspended in July 1992, with supervised visits resuming shortly thereafter.

In February 1993, the parties filed cross petitions alleging a change in circumstances and seeking sole custody of the children. At the conclusion of the hearing that followed, Family Court found, *inter alia,* that petitioner had presented insufficient evidence of respondent's alleged interference with visitation rights to warrant a change in custody and, further, that the allegations of sexual abuse raised a serious question regarding petitioner's fitness as a parent.* Accordingly, Family Court continued custody with respondent and granted supervised visitation to petitioner. This appeal by petitioner followed.

Based upon our review of the record as a whole, we are persuaded that petitioner was denied a fair hearing and, as such, we remit this matter for further proceedings. Prior to the May 1993 hearing in this matter, respondent moved to limit petitioner's proof to matters occurring subsequent to Family Court's February 25, 1992 order. Family Court, noting that there had yet to be a plenary hearing on the issues of custody and visitation, denied respondent's motion finding that "this court desires the full picture of factors that may affect the children's interests". When the hearing was held in May 1993, petitioner attempted to demonstrate that respondent consistently had interfered with his visitation rights since the parties' separation in November 1989. Although allowing some limited testimony on this point as background

---

* Notably, both a Department of Social Services and a State Police Investigation had deemed these allegations unfounded.

information, Family Court precluded petitioner from getting into specific allegations and directed petitioner's counsel to concentrate on events occurring since the February 1992 order.

In our view, Family Court erred in limiting petitioner's proof on this point. To be sure, Family Court was vested with broad discretion to determine the scope of the proof to be adduced at the custody hearing, and it certainly was under no obligation to permit petitioner to offer proof regarding the parties' entire marital history. However, given Family Court's determination of the motion to limit petitioner's proof, we are of the view that Family Court abused its discretion in not allowing petitioner to submit proof regarding respondent's alleged interference with petitioner's visitation rights since the parties' separation. Family Court's error in this regard was compounded by the fact that the court cited petitioner's insufficient proof on this point as one of the bases for continuing custody with respondent. Having precluded petitioner from adducing such proof, Family Court, in our view, should not have then penalized petitioner for failing to adequately demonstrate respondent's alleged interference with his visitation rights. In view of the fact that we are remitting this for a new hearing on the issues of custody and visitation, we need not address the remaining arguments advanced by petitioner.

Cardona, P. J., Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.