■ In the Matter of DAMIEN X., and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROSE Y., Appellant, et al., Respondent. (And Another Related Proceeding.) [629 NYS2d 319] —Cardona, P. J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered March 15, 1994, which, in two proceedings pursuant to Family Court Act articles 6 and 10, awarded custody of Sherry Z. to her paternal aunt and awarded custody of Mark Z. to respondent Mark AA., his biological father.

In July 1991, at petitioner's request, two of respondents' children, Sherry and Mark, were temporarily removed from respondents' home. Petitioner thereafter filed a petition alleging, *inter alia*, that the two children were neglected by respondents.* At separate hearings, respondents admitted to

---

* The petition was originally denominated one for abuse; it was, however, amended to reflect neglect instead. The petition also made allegations with respect to certain other children of respondents. The resulting placements of these children are not in dispute on this appeal.

certain of the allegations of neglect. By order of Family Court, the two children were placed in foster care for an initial 12-month period. Petitioner sought and was granted several extensions of the order of placement. In April and June 1993, the children's paternal aunt filed a petition and an amended petition, respectively, pursuant to Family Court Act article 6 seeking, *inter alia*, custody of the two children. At the ensuing hearing held in September 1993, respondents stipulated to a 12-month placement extension with petitioner for the children and Family Court scheduled a review to be held in four months to determine the feasibility of placing the children with the aunt.

On February 10, 1994, the parties came before Family Court for a review of the placement extension and consideration of the aunt's custody petition. At that time, petitioner's counsel indicated that petitioner endorsed the aunt's request with respect to Sherry and also asked that custody of Mark be awarded to respondent Mark AA., the child's father. Family Court granted both requests. Counsel for respondent Rose Y. (hereinafter respondent), the children's mother, objected contending that the court erred in awarding custody of Sherry to the aunt without a hearing and custody of Mark to the father without his having petitioned the court for such relief. Respondent now appeals from the court's resulting order.

Initially, we note that Family Court has broad discretion to make temporary placement decisions regarding a neglected child under Family Court Act article 10 (*see, Matter of Chauncey W.*, 185 AD2d 675). We further note, however, that here Family Court did not make a temporary placement arrangement but instead awarded permanent custody of Sherry to the aunt. Although petitioner retained supervision over the aunt until September 27, 1994, upon expiration of that period the aunt received custody of Sherry with no further involvement of petitioner or respondent. We are of the view that it was inappropriate for Family Court to have granted custody of Sherry to the aunt in light of respondent's objections.

The aunt's petition was brought pursuant to Family Court Act article 6. Questions of custody under that article require an evidentiary hearing, when requested, to determine the best interests of the children (*see, Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820). Here, the court held no formal hearing, nor did it receive any testimony regarding the aunt's petition for custody. Even under the circumstances of this case, where respondent was not in a posi-

tion herself to exercise physical custody due to her incarceration, she should have been given the opportunity to present evidence as requested on the issue of the best interest of this child in open court (*see, Turner v King,* 79 AD2d 654; *see also, Matter of Painter v Painter,* 211 AD2d 993; *Matter of Zupo v Edwards,* 161 AD2d 972). Therefore, we are constrained to reverse.

We are also of the view that Family Court erred in terminating Mark's foster care placement and awarding custody to the father over respondent's objection in the absence of notice by the filing of a petition and an opportunity to be heard. When a request is made, a parent must be afforded the right to present evidence regarding the best interest of a child which may include, among other things, the other parent's ability to care for the child.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.