■ BIBI WILSON, Respondent, v DAVID WILSON, Appellant. [641 NYS2d 703] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated August 1, 1994, as awarded the plaintiff custody of their infant son, awarded child support in the sum of $155 per week retroactive to the date the action was commenced, and awarded the plaintiff counsel fees in the sum of $2,000.

Ordered that the judgment is modified by deleting the second and third decretal paragraphs thereof and by deleting from the fourth decretal paragraph the date April 8, 1991, and

substituting therefor the date August 1, 1994; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for a new determination as to custody and retroactive child support consistent herewith.

On April 8, 1991, the plaintiff mother commenced this matrimonial action seeking, *inter alia,* an award of custody and child support. The parties submitted to examinations by a court-appointed psychiatrist, who concluded that the child should remain with the plaintiff with the defendant father to have liberal visitation. The defendant subsequently moved to compel the plaintiff to submit to an additional examination by his psychologist, claiming that the court-appointed specialist's report suffered numerous inadequacies and deficiencies. This request was denied. Over the defendant's objection, the court received into evidence the report of the court-appointed psychiatrist. After a nonjury trial, the Supreme Court, *inter alia,* awarded custody to the plaintiff, finding this to be in the child's best interests. The court rejected the testimony of the defendant's psychologist, "who never interviewed the plaintiff".

We find it was an improvident exercise of discretion for the court to admit into evidence the report prepared by the court-appointed psychologist without the consent of the parties (*see, Tacconi v Tacconi,* 197 AD2d 929; *Matter of Brice v Mitchell,* 184 AD2d 1008). In a custody proceeding, "professional reports and independent investigations by the Trial Judge entail too many risks of error to permit their use without the parties' consent" (*Matter of Lincoln v Lincoln,* 24 NY2d 270, 273).

We further note that under the CSSA guidelines, the Supreme Court was within its discretion in making its award of child support retroactive to the date the action was commenced (*see,* Domestic Relations Law § 240 [1]; *Daniels v Daniels,* 202 AD2d 862; *Bonheur v Bonheur,* 141 AD2d 489). However, where, as here, the court does not render a child support determination until some time after the commencement of the action, the amount of retroactive child support should be based on the parties' income for each year that child support is awarded (*see, Otto v Otto,* 207 AD2d 530). Pending determination of the proper amount of retroactive child support the judgment is modified to provide for an award of child support as of August 1, 1994, the date of the judgment, instead of April 8, 1991, the date the action was commenced.

Accordingly, this matter is remitted to the Supreme Court for a new custody determination and a retroactive child support award consistent herewith.

Finally, it was not an improvident exercise of discretion to award the plaintiff counsel fees in the amount of $2,000 (Domestic Relations Law § 237 [a]; *see also, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Cole v Cole,* 182 AD2d 738). Altman, J. P., Hart, Goldstein and McGinity, JJ., concur.