■ In the Matter of MARIA BRIGGS, Respondent, v HOWARD PORTER, Appellant. [726 NYS2d 700] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from (1) so much of an order of the Family Court, Richmond County (Richardson, J.), dated April 16, 1997, as, after a hearing, and the denial of the mother's petition to change custody, directed him to pick up the parties' child at the mother's residence upon the conclusion of her scheduled visitation, and (2) so much of an order of the same

court (McElrath, J.), dated July 14, 1997, as, after a hearing, directed him to pick up the child at the mother's residence by 7:00 P.M. upon the conclusion of her scheduled visitation, and provided that the child shall remain with the mother for the week following her scheduled visitation if he fails to do so.

Ordered that the appeal from the order dated April 16, 1997, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 14, 1997; and it is further,

Ordered that the order dated July 14, 1997, is modified, on the law and the facts, by deleting the provision thereof directing that the child shall remain with the mother for the week following her scheduled visitation if the father fails to pick up the child by 7:00 P.M. upon the conclusion of her scheduled visitation; as so modified, the order dated July 14, 1997, is affirmed insofar as appealed from, without costs or disbursements.

The Family Court improvidently exercised its discretion in directing that if the appellant did not pick up the parties' child at the home of the mother in Wappinger Falls by 7:00 P.M. at the conclusion of the mother's scheduled visitation, the child would remain with the mother for the week following her scheduled visitation. This provision would call for the child, who is in special schooling, to miss a week of school solely because of the father's tardiness. The parties have a long history of purposeful interference with each other's visitation schedule. However, the specific provision at issue herein would unduly interfere with the child's education. Therefore, we agree with the appellant's contention that this provision is not in the best interests of the child (see generally, Matter of Obey v Degling, 37 NY2d 768; Daghir v Daghir, 82 AD2d 191, 193-194, affd 56 NY2d 938; Matter of La Scola v Litz, 258 AD2d 792).

The remaining provisions of the order, which, inter alia, call for contempt sanctions for the failure of either party to be home at stated times with the child so the other parent can pick up the child, provide an adequate remedy in the event either party is tardy or purposefully interferes with the visitation schedule and order of custody.

The appellant's remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.