■ In the Matter of WILBERT STUKES, JR., Respondent, v MARGOLD RYAN, Appellant. [733 NYS2d 541] —Cardona, P. J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered April 21, 2000, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

By the terms of a March 1996 order of custody, petitioner and respondent shared joint legal custody of their son, born in 1990, with respondent having physical custody and petitioner reasonable visitation. By petition dated July 26, 1999, petitioner commenced this modification proceeding seeking physical custody of the child. On January 18, 2000, petitioner filed an amended petition requesting sole custody based upon allegations of respondent's unfitness. In July 1999 and January 2000, respondent brought two family offense petitions against petitioner, alleging various acts of misconduct including the use of profanity, threats, as well as violent or abusive conduct in the past. In addition, respondent petitioned for modification of Family Court's order of visitation requesting that petitioner's visitation be supervised and overnight visitation be suspended.

At the hearing, Family Court precluded respondent from testifying because she failed to appear for all of the psychological and drug evaluations ordered by the court. Following the hearing, Family Court found a sufficient change in circumstances and awarded sole custody to petitioner. Family Court also dismissed the petitions filed by respondent. Respondent appeals.

Initially, respondent maintains that Family Court erred in

precluding her from testifying at the hearing. Pursuant to Family Court Act article 6, "[m]odification of custody determinations requires a full and comprehensive hearing" (*Matter of Zupo v Edwards*, 161 AD2d 972) with the parties given the opportunity to present in open court evidence as to the best interest of the child (*see, Matter of Damien X.*, 217 AD2d 762, 763-764; *Matter of Gant v Higgins*, 203 AD2d 23). In conducting said hearings, it is well settled that Family Court is "vested with broad discretion to determine the scope of the proof to be adduced" (*Matter of Painter v Painter*, 211 AD2d 993, 995), which includes the discretion to impose limitations on the receipt of evidence for, *inter alia*, the failure to disclose. Notably, Family Court is entitled to impose appropriate sanctions for uncooperative parents as long as the sanctions do not adversely affect the child's right to have issues affecting his or her best interest fully explored (*see, Matter of Landrigen v Landrigen*, 173 AD2d 1011; *see also, Matter of Briggs v Porter*, 284 AD2d 455).

Here, while we appreciate Family Court's frustration in dealing with respondent's recalcitrance and recognize the importance of allowing trial judges to have the discretion to limit proof under circumstances such as those present herein, we must conclude, upon this record, that the blanket preclusion of all of respondent's testimony renders it difficult to determine the best interest of this child. Simply, the total preclusion herein could have adversely affected the interest of the person whose welfare is of paramount concern, namely, the parties' child (*see, Matter of Landrigen v Landrigen, supra*, 1012). This is especially significant since the in camera hearing was not conducted because the child did not arrive at the scheduled time. Although respondent's conduct was inexcusable, other appropriate sanctions could have been imposed. Therefore, we remit the matter for a new hearing. Based upon the subject matter of respondent's other petitions that were dismissed without prejudice, we deem it appropriate to restore those petitions for resolution by Family Court. In the meantime, pending Family Court's final determination on remittal, under all the circumstances, petitioner shall maintain temporary physical custody of the parties' child subject to the conditions and visitation to respondent set forth in the appealed order, unless otherwise modified by Family Court.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitioner is awarded temporary physical custody of the child with temporary visitation to respondent and matter remitted to the

Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.