■ In the Matter of DELISA N. TARRANCE, Appellant, v JOHN F. MIAL, Respondent. (And Another Related Proceeding.) [803 NYS2d 718]—

Lahtinen, J. Appeal from an order of the Family Court of Albany County (James, J.), entered November 13, 2003, which, inter alia, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

During the time the parties cohabitated, they had two children (born in 1997 and 1999). After going their separate ways, the parties consented to a custody order, dated September 28, 2001, which provided for respondent to initially have primary physical custody. However, the order further stated that pri-

mary physical custody would "revert" to petitioner one year after the date of the order, but that such change would be "subject to the 'best interests' of the children." In July 2002, petitioner filed a petition seeking an immediate change of physical custody alleging that the home provided by respondent and his new live-in companion was not stable. Respondent also filed a petition in July 2002 asserting that it was in the children's best interests—particularly with respect to schooling and counseling—to permit him to keep physical custody. A hearing was eventually conducted, after which Family Court determined that it was in the children's best interests for respondent to have primary physical custody. Petitioner appeals.

Petitioner argues that Family Court erred in limiting the evidence presented to events occurring after the date of the consent custody order. The primary concern is the best interests of the children and proof relevant to that issue should not be unduly restricted (*see Matter of Stukes v Ryan*, 289 AD2d 623, 624 [2001]; *Matter of Painter v Painter*, 211 AD2d 993, 994-995 [1995]). Nevertheless, the trial court is afforded discretion in establishing parameters for the proof (*see Matter of Stukes v Ryan, supra* at 624) and, while the scope of evidence will vary depending upon the facts of each case, we have upheld limiting the proof to matters occurring within a relevant time frame (*see Matter of Palmer v Palmer*, 284 AD2d 612, 613-614 [2001]; *Matter of Risman v Linke*, 235 AD2d 861, 861-862 [1997]; *see also Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004] [limiting number of witnesses]; *Matter of Juliano v Pollack*, 256 AD2d 668, 668-669 [1998], *lv denied* 93 NY2d 803 [1999] [limiting evidence to matters raised in the petition]). We initially note that petitioner's argument is not factually supported by the record since she was permitted to testify to some events which occurred before the consent order, including her contentions that respondent moved out when the second child was born, the children then resided with her, and respondent did not participate in their lives at that time. Thereafter, the court sustained the Law Guardian's objection to further proof that predated the consent order. This ruling did not run afoul of the court's discretion under the facts of this case where each party relied primarily upon alleged recent conduct by the other as a basis to modify the prior custody order.

Affording deference to Family Court's credibility assessments, we are not persuaded by petitioner's argument that the court's determination lacked a sound and substantial basis in the record (*see Matter of Ciannamea v McCoy*, 306 AD2d 647, 648 [2003]; *Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]).

The record supports the court's findings that respondent was in a more suitable position to care for the children, as evidenced by him cooperating with various agencies, seeking appropriate counseling and having a more stable home situation for the children. Petitioner had moved to California while the petitions were pending and, although she stated that she would return to New York, she had neither a job nor adequate housing in New York. She also failed to cooperate with counseling and there was serious concern about a lack of supervision resulting in inappropriate conduct by her daughter from a prior relationship toward one of the children. The psychologist who conducted an independent evaluation and the Law Guardian both favored placing physical custody with respondent. Family Court's determination is adequately supported by the record.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.