■ In the Matter of DEBORAH GARDNER, Respondent, v LEANNE GARDNER et al., Appellants. [893 NYS2d 698]—

Mercure, J.P.

Petitioner is the maternal grandmother and respondents are the parents of a child born in 1994. The child, who has historically spent a great deal of time at the grandmother's residence, moved in with the grandmother in June 2007. The grandmother thereafter filed a family offense petition against respondent Leanne Gardner (hereinafter the mother) and commenced this proceeding against the mother and respondent Shannen Brueckner (hereinafter the father) seeking custody of the child, basing her claims upon the child's exposure to the parents' violent arguments and the father's alcoholism.

Family Court issued temporary orders of protection against both parents at various points and, upon consent, awarded temporary custody to the grandmother. Several other petitions were also filed, relating to alleged violations of the temporary orders or the father's ongoing disruptive conduct. As is relevant here, Family Court determined after a hearing that extraordinary circumstances existed and that the best interests of the child would be served by a permanent award of custody to the grandmother. The parents separately appeal from the resulting custody order, and we affirm.[1]

Initially, the parents claim that Family Court improperly accepted proof predating the scope of the custody petition. Family Court is afforded broad discretion in establishing the parameters of the proof at trial and, if necessary, may extend it to all relevant matters (see Matter of McGovern v McGovern, 58 AD3d 911, 913 [2009]; Matter of Tarrance v Mial, 22 AD3d 965, 966 [2005]; Matter of Stukes v Ryan, 289 AD2d 623, 624 [2001]). Here, the exceptionally broad allegations in the custody petition put the parents on notice of the grandmother's claims that their poor behavior had persisted "for [the child's] entire life." More-

---

1. The father takes issue with Family Court's determination that he had committed a family offense against the child. He did not appeal from the dispositional order or order of protection issued in the family offense proceeding, however, and his argument is not properly before us (see Family Ct Act § 1113; Matter of Houck v Garraway, 293 AD2d 782, 783 n 2 [2002]).

over, there was no obvious point at which to limit the proof, such as the date of a prior custody order (*see Matter of Bodrato v Biggs*, 274 AD2d 694, 694-695 [2000]; *cf. Matter of Palmer v Palmer*, 284 AD2d 612, 613-614 [2001]). As a result, we cannot say that Family Court abused its discretion in considering evidence of the parents' behavior throughout the child's life.

In this custody dispute between a nonparent and parents, the grandmother bore the initial burden of demonstrating the existence of extraordinary circumstances, such as parental surrender, abandonment, neglect, or unfitness, warranting an intrusion upon the parents' superior right to custody (*see* Domestic Relations Law § 72 [2] [a]; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 546 [1976]; *Matter of Mercado v Mercado*, 64 AD3d 951, 952 [2009]). If, and only if, that showing was made would Family Court then be permitted to consider whether the best interests of the child would be served by awarding the grandmother custody (*see Matter of VanDee v Bean*, 66 AD3d 1253, 1254-1255 [2009]; *Matter of Mercado v Mercado*, 64 AD3d at 952).

Here, the record reveals that the parents frequently argued, the arguments had grown worse in the period prior to the child moving in with the grandmother, and the child was often present for these arguments. The arguments escalated into violence on multiple occasions, including the parents shoving each other, repeated incidents where both the mother and the father ripped a telephone off the wall of the family residence, the mother's penchant for throwing items at the father, and the mother threatening the father with a knife. Indeed, the mother admitted that she "black[ed] out" during arguments with the father and could not remember her actions afterwards.

Nor was the child spared from the parents' abusive behavior. For example, the mother argued with the child and proceeded to lock her out of the house and, upon her return, pulled her hair. On another occasion, the father grabbed the child during an argument and screamed at her to get off of his property.[2] Moreover, the father admittedly has a drinking problem that has intensified the strife, but he has not consistently attended counseling, and he checked himself out of a treatment program

---

2. With regard to this and other incidents, the parents claim that Family Court improperly considered the testimony of the grandmother, who related what the child had told her about it. As the present custody proceeding was based in part upon claims of abuse or neglect, however, the child's out-of-court statements fell within an exception to the hearsay rule if sufficiently corroborated, which they undoubtedly were here (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [2008], *lv denied* 12 NY3d 706 [2009]).

after his most recent relapse. Nor is it disputed that the father had not yet begun court-ordered anger management classes at the time of the hearing and the parents had no interest in relationship counseling. According deference to Family Court's credibility determinations and findings of fact (*see Matter of VanDee v Bean*, 66 AD3d at 1255), we agree with it that the hostile and violent atmosphere at the parents' residence, exacerbated by the father's inadequately treated substance abuse, constituted extraordinary circumstances (*see Matter of Green v Myers*, 14 AD3d 805, 807 [2005]; *Matter of John KK. v Gerri KK.*, 302 AD2d 811, 813 [2003], *lv denied* 100 NY2d 504 [2003]; *Matter of Ciampa v Ciampa*, 301 AD2d 876, 878-879 [2003]). Family Court's further determination that the best interests of the child were served by granting the grandmother custody is supported by a sound and substantial basis in the record and, accordingly, will not be disturbed.

Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.