■ PETER C. PORCELLO, Appellant-Respondent, v ANNA PORCELLO, Respondent-Appellant. [917 NYS2d 338]—

Egan Jr., J. Cross appeals from a judgment of the Supreme Court (Cortese, J.), entered October 30, 2009 in Montgomery County, granting, among other things, plaintiff a divorce and primary physical custody of the parties' child to defendant, upon a decision of the court.

Plaintiff (hereinafter the father) and defendant (hereinafter the mother) were married in 2004 and are the parents of a daughter (born in 2007). Within weeks of the child's birth, the parties' relationship deteriorated to the point that the mother filed a family offense petition and a petition seeking custody of the child. The parties physically separated, with each moving to their respective parents' homes. The father then commenced the instant action for divorce, which was consolidated with the mother's pending Family Court matters.

During the pendency of these proceedings, in March 2008, Family Court issued a temporary order granting primary physical custody of the child to the mother, with the father having visitation every Monday and Wednesday during the daytime hours, and an overnight visitation every other Saturday. In July 2008, after the father's work schedule changed, the parties modified the temporary order without court intervention, such that, in every two-week cycle, the father would have five overnight visits with the child—every Wednesday and a three night weekend (Friday, Saturday and Sunday) every other week, in addition to a daytime visit every Monday—and the mother would have the remaining nine overnight visits.*

Prior to trial, the parties were able to reach an agreement with regard to all issues except physical custody, parenting time and child support. Following a trial that took place over two days in January and February 2009, Supreme Court issued a decision and order in June 2009 granting, among other things, primary physical custody of the child to the mother and adopting the custody arrangement previously agreed-upon by the parties in July 2008. A judgment of divorce incorporating the decision and order, as well as the parties' written agreement, was thereafter entered. The parties now cross-appeal.

We first consider the father's argument that Supreme Court's

* The exact schedule agreed to by the parties is as follows: every two-week cycle, the father has parenting time Monday from 8:00 A.M. through 8:00 P.M., Wednesday from 8:00 A.M. until Thursday at 11:30 A.M., Friday from 6:30 P.M. until the following Monday at 8:00 P.M., and Wednesday from 8:00 A.M. until Thursday at 11:30 A.M. The cycle then repeats itself commencing the following Monday at 8:00 A.M.

custody determination, insofar as it failed to also award him overnight visits each Tuesday, lacks a sound and substantial basis in the record. "The principal concern in any child custody dispute is the best interests of the child, to be determined by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Moor v Moor*, 75 AD3d 675, 676 [2010] [internal quotation marks and citations omitted]; *see Matter of Micah NN. v Kristy NN.*, 79 AD3d 1188, 1189 [2010]; *Matter of Gast v Gast*, 50 AD3d 1189, 1189 [2008]). An informal custody arrangement reached by the parties may also be relevant in making a custody determination (*see Matter of Young v Collins*, 37 AD3d 1014, 1015 [2007]).

Here, we find that Supreme Court properly considered the best interests of the child in fashioning the custody and visitation order. While the relief sought by the father would equalize the number of overnight visits each party would have with the child, the court determined that such a division was not appropriate under the circumstances in this case. The record reveals that the father is, at times, unable to set aside his ill feelings toward the mother and cooperate with her in connection with caring for their child. Instead of considering the best interests of the child, the father testified that even if he is unable to care for the child during his sought after parenting time, he would rather the child be cared for by a relative than the mother. For example, on Wednesdays, during the father's parenting time, the child is cared for by the paternal grandmother while he works. The father testified that if the child was sick on a Wednesday and the mother took time off from her own work to care for the child, he would not permit the mother to care for the child, even though he could not care for the child. The father also conceded that on one particular Wednesday in 2008, the day before the Thanksgiving holiday, he initially denied the mother's request for more time with the child, even though he was at work, but then agreed only if he received extra time with the child the next day.

On the other hand, the mother, who has served as the primary caregiver for most of the child's young life and has adjusted her work schedule to allow her to spend all of her parenting time with the child, has been willing to cooperate with the father by attempting to arrange a visitation schedule that accommodates the father's work schedule, and has continu-

ously fostered the child's relationship with him. When the child is with the mother, the child has a bedroom of her own, with the father's picture on the wall. The mother has compiled a family photo album for the child that includes pictures of the father. Finally, while it is true that the schedule earlier fashioned by the parties and continued by Supreme Court provides the father with five overnight visits compared to the mother's nine over a two-week cycle, under this schedule, the father actually sees his daughter nine days out of every 14. In according the appropriate deference to the court's factual findings, we decline to disturb the custodial determination, as it is supported by a sound and substantial basis in the record (see Matter of Micah NN. v Kristy NN., 79 AD3d at 1189-1190; Moor v Moor, 75 AD3d at 676-677; Matter of Gast v Gast, 50 AD3d at 1190).

Next, we are unpersuaded that Supreme Court erred in permitting the mother's counsel to inquire about the parties' acromonious relationship and certain disagreements regarding scheduling and care for the child. The court "is afforded broad discretion in establishing the parameters of the proof at trial" (Matter of Gardner v Gardner, 69 AD3d 1243, 1244 [2010]), and such evidence is relevant to a determination as to what custody arrangement is in the child's best interests and addresses the parties' "ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (Moor v Moor, 75 AD3d at 676 [internal quotation marks and citations omitted]).

We are likewise unpersuaded that Supreme Court disregarded the position of the attorney for the child, who opined in his written summation that the child's best interests would be served by granting the father overnight visitation on Tuesdays. While the position of the attorney for the child is a factor to be considered, it is not determinative (see Matter of Torkildsen v Torkildsen, 72 AD3d 1405, 1407 [2010]; Munson v Lippman, 2 AD3d 1252, 1254 [2003]; Matter of Perry v Perry, 194 AD2d 837, 838 [1993]). Although not required, it would have been appropriate for Supreme Court to specifically reference the position of the attorney for the child in its decision. Notwithstanding the court's failure to do so, we are satisfied that it considered all of the relevant factors in reaching its conclusion, which is supported by a sound and substantial basis in the record.

We are also unpersuaded by the mother's argument that Supreme Court erred in failing to grant child support retroactive to either the date the Family Court petitions were filed, or one of several dates prior to the court's decision. While an award

of child support is to be "effective as of the date of the application therefor" and should be made retroactive to such date (Domestic Relations Law § 236 [B] [7] [a]; *see McAuliffe v McAuliffe*, 70 AD3d 1129, 1133 [2010]; *Daniels v Daniels*, 202 AD2d 862, 864 [1994]), the mother concedes that a pendente lite application for child support was not made prior to trial, and the record does not reveal any application for child support in connection with her Family Court proceedings.

Peters, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.