■ In the Matter of BRADLEY K. SMITH, Respondent, v ELIZABETH J. BARNEY, Appellant. (And Another Related Proceeding.) [957 NYS2d 766]—

Spain, J.

In September 2010, the father commenced a proceeding seeking modification of the prior order of custody and the mother

filed a cross petition alleging that the father violated the terms of the prior order regarding visitation. Following a fact-finding hearing, Family Court granted the father's modification petition and awarded primary physical custody of the child to the father and parenting time to the mother, while otherwise maintaining joint legal custody between the parties, and also dismissed the mother's cross petition. The mother now appeals.

We affirm. In order to modify a prior custody order, the party seeking to do so must demonstrate that there has been a substantial change in circumstances since the prior order such that modification is in the child's best interests (*see Matter of Clarkson v Clarkson*, 98 AD3d 1208, 1209 [2012]; *Matter of Michael GG. v Melissa HH.*, 97 AD3d 993, 994 [2012]). Here, evidence was presented at the hearing that the mother and child moved out of the father's family home when the child was four weeks old, the father had weekend and other visitation during the child's first year and, by the time the child was about one year to 15 months old (during 2009), she increasingly lived with the father and his family for lengthy periods of time, with periodic visits with her mother. As the child got older, the father—who remained living with his parents—and his family became the child's primary caretakers. The mother, who lived with her boyfriend, a college student, acquiesced in this arrangement and often permitted the father and his family to take the child beyond the regular visitation provided for in the custody order. During this time, the mother changed residences numerous times, resulting in the child being moved from place to place creating instability and visitation-related transportation problems.

After the father commenced this proceeding in September 2010 (the child was 2½), however, the mother often refused to let the child visit her father except weekends, as provided in their stipulated order. Up until the time of the mid-2011 trial, the child, age 3, increasingly exhibited negative and troubling behaviors, sometimes after spending time with the mother, including using inappropriate language, increased crying and insecurity, making sexual gestures, refusing to obey directives, engaging in violent play with her dolls and regressing in her toilet training. In view of the foregoing, it is clear that circumstances changed significantly since the entry of the prior custody order warranting Family Court's consideration of whether a change of primary physical custody was in the child's best interests.

"Determining whether a modification of a custody order is in the child[ ]'s best interests involves consideration of various fac-

tors, including 'the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child[ ]'s intellectual and emotional development' " (*Matter of Coley v Sylva*, 95 AD3d 1461, 1462 [2012], quoting *Matter of Calandresa v Calandresa*, 62 AD3d 1055, 1056 [2009]; *see Matter of Knight v Knight*, 92 AD3d 1090, 1091-1092 [2012]). Here, considerable evidence was presented at the hearing regarding the fitness, stability and home environments of each of these young parents and the record reflects that both of them sincerely love their child. On the one hand, the father, age 23 at the time of trial, was gainfully employed, actively engaged in the day-to-day care of the child, provided her with clothing, diapers and other necessities, took responsibility for having her transported to visitation with the mother as well as medical appointments, had a willing and able family support network available to continue to help him and the mother care for and transport the child, made efforts to address the child's behavioral problems and had plans for the child's educational future. The mother, age 20, on the other hand, changed residences frequently, experienced financial difficulties attributable to both her and her boyfriend's lack of steady employment, did not have as reliable a family support network available to care for the child as did the father, and was unaware of some of the child's behavioral issues and failed or refused to address others. In addition, she continued to rely on the father for help with expenses in addition to child support, did not have her own means of transportation and was pregnant without a viable plan to provide for her expanding family.

Inasmuch as the father was in a better position to provide a stable home life and promising future for the child, as the child's attorney also advocated, Family Court reasonably concluded that it was in the child's best interests to award physical custody to him. In view of this, as well as the deference to be accorded Family Court's credibility determinations (*see Matter of Anthony MM. v Jacquelyn NN.*, 91 AD3d 1036, 1038 [2012]) and the decreased weight that is generally given to a stipulated order of custody as compared to one resulting from a judicial determination made after a hearing (*see Matter of Klee v Schill*, 95 AD3d 1599, 1600 n 3 [2012]), we find that Family Court properly granted the father's modification petition. Upon reviewing the proof in the record, we further find no error in Family Court's denial of the mother's cross petition.

Peters, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.