■ In the Matter of JAMES E. SMITH, Appellant, v JENNIFER O'DONNELL, Respondent. (And Another Related Proceeding.) [968 NYS2d 227]—

McCarthy, J. Appeals from two orders of the Family Court of Cortland County (Campbell, J.), entered December 22, 2011, which, among other things, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

---

The parties, who are the parents of one child (born in 2008), entered into a stipulated custody order providing for joint custody and equal physical placement. The stipulation occurred in January 2011, but the order was not entered until March 24, 2011. On March 22, 2011, petitioner (hereinafter the father) commenced the first of these proceedings seeking to modify the order by providing him "full temporary custody" and requiring supervised visitation for respondent (hereinafter the mother). The mother cross-petitioned for sole custody. At the conclusion of a fact-finding hearing, Family Court dismissed the father's petition and awarded sole custody to the mother, with specified visitation to the father. The father appeals.*

Family Court did not err in considering evidence of events that occurred before the entry of the prior custody order. Although the inquiry as to whether a substantial change in circumstances has occurred should be limited to occurrences since the date of the prior custody order (see Matter of Guerra v Balistreri, 49 AD3d 646, 647 [2008]), a best interests inquiry is broader and may include other facts that give the court a view of the totality of the circumstances and family dynamics, including proof that relates to either party's fitness as a parent (see Porcello v Porcello, 80 AD3d 1131, 1134 [2011]; Matter of Gardner v Gardner, 69 AD3d 1243, 1244 [2010]; see also Matter of Hayward v Campbell, 104 AD3d 1000, 1001 n [2013]; Matter of Shirley v Shirley, 101 AD3d 1391, 1394 [2012]). As less weight is afforded to a stipulated order, admission of evidence concerning previous behavior or events is especially proper where no prior plenary hearing has been held and the prior order was issued on consent (see Matter of Smith v Barney, 101 AD3d 1499, 1501 [2012]). Here, Family Court did not abuse its broad discretion in determining the scope of the proof (see Porcello v Porcello, 80 AD3d at 1134; Matter of Tarrance v Mial, 22 AD3d 965, 966 [2005]).

Family Court did not err in finding a substantial change in circumstances and awarding sole custody to the mother. Shortly after the January 2011 stipulation, the father unilaterally terminated all direct communication with the mother. He blocked her phone number from his cell phone so that her calls would not ring through and she could only leave voice mail and text messages. He acknowledged that he never called her back and only responded to some of her text messages. The father refused to personally exchange the child at a location other

---

* Although the father appeals from two orders, one disposing of each party's petition, he has abandoned the appeal from the order dismissing his petition due to his failure to raise any arguments about it in his brief.

than the police station, and instead had his mother perform all exchanges so that the father did not have to interact with the mother. The father also violated the prior order by not providing the mother with the opportunity to care for the child when the father was unavailable, and he stated that he would continue this behavior. On the other hand, the mother attempted to maintain communication with the father and provided him with regular notifications. Given the complete breakdown of communication and the parties' inability to cooperate with regard to parenting decisions, all of which arose subsequent to the stipulation that resulted in the prior order, the proof established a substantial change in circumstances rendering joint custody inappropriate (*see Matter of Coley v Sylva*, 95 AD3d 1461, 1462 [2012]; *Matter of Williams v Williams*, 66 AD3d 1149, 1150-1151 [2009]). Accepting Family Court's credibility determinations and the supported factual finding that the father was solely responsible for the breakdown in communication, an award of sole custody and primary physical placement to the mother was in the child's best interests.

Finally, Family Court did not assume the role of an advocate by asking a few questions of a witness to assist in laying a foundation for the admission of certain business records, as that questioning merely facilitated the expeditious progress of the hearing (*see Matter of Samantha K.*, 61 AD3d 1322, 1324 [2009]; *Matter of Eshale O.*, 260 AD2d 964, 964 [1999]; *see also People v Yut Wai Tom*, 53 NY2d 44, 57-58 [1981]).

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.