Matter of Barry H. v Veronica S. (2019 NY Slip Op 06152)





Matter of Barry H. v Veronica S.


2019 NY Slip Op 06152


Decided on August 20, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9379

[*1]In re Barry H., Petitioner-Appellant,
v
Veronica S., Respondent-Respondent.


Anne Reiniger, New York, for appellant.
Diaz & Moskowitz, PLLC, New York (Hani Moskowitz of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Chai Park of counsel), attorney for the child.



Appeal from order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about May 2, 2018, which, after a hearing, dismissed with prejudice the father's petition for modification of a 2015 custody order concerning the parties' daughter, held in abeyance, and the matter remitted for further proceedings to address the best interest of the child in accordance with this order.
The subject child was born on May 7, 2009. The parties entered a custody order, on consent, in July 2015, which granted joint legal custody to the father and mother, with primary residential custody to the mother, and visitation to the father. The child was six years old at the time the parties entered into the custody order.
In January 2017, the father filed a petition for a modification of the parties' custody order. The father claimed there had been a change in circumstances in that the child would have a better home environment and be in a better school if he had primary residential custody, and that he is better able to provide for her needs. After a two-day hearing in which the Referee focused on whether the father sufficiently demonstrated a change in circumstances, the mother made an oral motion to dismiss the petition for failure to establish a prima facie case. The court issued its decision on the record finding that the father failed to demonstrate "a sufficient change in circumstances to merit a modification of the . . . [2015 custody] order." The Referee determined that the father's "allegations of corporal punishment upon the child by the mother were unfounded and not corroborated," and the fact that the mother had relocated several times did not constitute a change in circumstances because she was living in a shelter at the time the parties entered the 2015 custody order. The Referee did not issue a written finding of fact, and dismissed the petition with prejudice.
The ultimate consideration in determining custody is always the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982]). A custody order may be modified based on a change in the parties' circumstances which requires modification to ensure the child's best interests (Matter of Christopher H. v Taiesha R., 166 AD3d 548 [1st Dept 2018]). The decision to modify a custody order is usually left to the discretion of the trial court, and will only be reversed if it lacks a sound and substantial basis in the record (id.).
The court based its decision on the limited findings that the father's claims of corporal punishment were not credible, and that the mother's numerous residential relocations did not constitute a change in circumstances because she was living in a shelter at the time of the 2015 custody order. We find, however, that the record sufficiently demonstrates a change in circumstances requiring a full hearing to "determine whether the totality of the circumstances warrant modification in the best interests of the child" (Gant v Higgins, 203 AD2d 23, 24 [1st [*2]Dept 1994]).
The child's certified third grade attendance report, report card, and mid-year progress report for the 2017-2018 school year, up to February 15, 2018, were admitted into evidence. The report card showed she received a grade of "1", which was "well below standards", in 32 of 38 categories including reading, writing, academic and personal behaviors, and social-emotional development. Her attendance report showed she was late or absent from school 49.5% of the school days between September 2017 and mid-February 2018. This absenteeism and tardiness was already an increase from the 2016-2017 full academic year when she was absent or late 40.9% of school days.
We also find the Referee's oral decision did not demonstrate adequate consideration of other relevant claims made by the father, such as the child's dental health and the mother's inability to maintain stable housing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 20, 2019
DEPUTY CLERK