■ STANLEY H. KERN, Respondent, v GRACE G. KERN, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court granting plaintiff a divorce, entered August 15, 1984 in Ulster County, upon a decision of the court at Trial Term (Williams, J.), without a jury.

In this action for divorce predicated on defendant's claimed cruel and inhuman treatment, plaintiff, who has apparently since remarried and fathered a child, testified at trial that: defendant was intoxicated almost around the clock from the early 1970s until he left the marital residence in February 1980; alcohol consumption temporarily induced in defendant a manic-depressive personality, causing her to continually harangue and harass plaintiff both at home and at work; defendant refused on several occasions to allow plaintiff to leave the marital residence, one time slamming a door with such force that the glass broke and a falling piece cut plaintiff's wrist, another time "ranting and carrying on" to such an extent that the parties' daughter called the police, who took defendant voluntarily to a hospital for alcohol abusers and the mentally ill; between 1976 and 1980, defendant made a number of large, unnecessary expenditures purchasing new items which were merely stored rather than used; on two occasions, defendant's suspicion that plaintiff had a girlfriend motivated her to trail and tailgate plaintiff's car with her own; and plaintiff feared that defendant would physically attack him, though she had never done so.

The defense consisted of defendant's denial of plaintiff's charges of drunkeness, an explanation that severe depression accounted for her mood changes and need for professional treatment, and testimony suggesting circumstances extenuating plaintiff's other charges. Trial Term granted plaintiff a divorce, but retained jurisdiction of the matter for the purpose of taking proof in support of defendant's counterclaim charging plaintiff with cruel and inhuman treatment, on which defendant had elected at the time of trial not to submit proof. Defendant appeals.

As this is a marriage of long duration, some 29 years, a high

degree of proof is required to dissolve it on a fault ground *(see, Brady v Brady,* 64 NY2d 339, 343-344). That burden has, however, been satisfied here. Defendant admits the substance of most of plaintiff's allegations. She does not deny experiencing repeated periods of depressed withdrawal from family life and responsibilities, which for several years have each lasted approximately four months. Nor does she deny constantly haranguing and harassing plaintiff. Assuming further that Trial Term credited, as it quite properly could have, plaintiff's testimony that defendant's ranting, raving, offensive language and threats were precipitated by her misuse of alcohol, plaintiff was indeed entitled to a fault-based divorce.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.