■ MARILYN THOM, Respondent, v JOSEPH THOM, Appellant. —Mahoney, P. J. Appeal (transferred to this court by order of

the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), granting plaintiff a divorce, entered July 8, 1989 in Dutchess County, upon a decision of the court.

Plaintiff commenced this action for divorce charging defendant with cruel and inhuman treatment. The parties have one daughter, born in 1982. Plaintiff's gross income was $20,000 per year and defendant's gross income was $24,000. The parties jointly owned the marital residence. A motion to dismiss the complaint for failure to state a cause of action was denied.

At trial, plaintiff testified that defendant had struck her many times, once striking her in the mouth, which required her braces to be readjusted by her dentist. After defendant left the marital residence in March 1987, plaintiff obtained a Family Court order of protection after defendant came to the house and "threatened to hit [her] and hurt [her]". Plaintiff also testified that in March or April 1988 defendant threatened plaintiff's life with a rifle in the presence of their child, thereby causing plaintiff to file criminal charges against him. Plaintiff offered additional testimonial evidence that defendant constantly called her vulgar names and threatened her with physical violence. Defendant testified that he was not violent toward plaintiff although he acknowledged, in his affidavit in support of his motion to dismiss, that he struck plaintiff in the mouth in August or September 1984.

Supreme Court held that plaintiff had met her burden of proof and granted the divorce. The court also awarded the parties joint custody of the child with physical custody to plaintiff and visitation rights to defendant. The court further ordered the marital residence sold and the marital assets divided equally. Plaintiff was awarded $3,000 in legal fees. This appeal by defendant, which has been transferred to us from the Second Department, ensued.

We affirm. During the six-year span of the marriage there have been repeated instances of physical and verbal abuse which have endangered the well-being of plaintiff. The duration of a marriage is a determinative factor in whether conduct is cruel and inhuman in that "what might be considered substantial misconduct in the context of a marriage of short duration, might only be 'transient discord' in that of a long-term marriage" (Brady v Brady, 64 NY2d 339, 344, quoting Hessen v Hessen, 33 NY2d 406, 411). Here, the record indicates that defendant's conduct was found sufficiently hostile and threatening to justify the issuance of a temporary

order of protection in April 1987. The record also shows that the pattern of threatening behavior was continuous and extended and intensified after plaintiff left the marital home, culminating in defendant's threatened use of a firearm. Such conduct is unimpeachable proof that Supreme Court did not abuse its discretion in granting plaintiff a judgment of divorce *(see, Brady v Brady, supra; Echevarria v Echevarria,* 40 NY2d 262, 264; *Hage v Hage,* 112 AD2d 659, 661).

We also concur in that part of the judgment which ordered the sale of the marital residence and equal distribution of the proceeds. The record indicates that the parties jointly purchased the residence in 1985 with a down payment from the proceeds of the sale of another house they jointly owned. The parties had no other assets apart from the house and its contents. Since no expert witnesses gave any appraisal value of the home and defendant raised no objections, Supreme Court's order that the property not be sold for less than $145,000 is reasonable as is its ordered division of the proceeds.

Finally, given the totality of the circumstances resulting in the termination of the marriage, we concur in that part of the nisi prius court's decision awarding physical custody to plaintiff as being in the best interest of the child *(see, Eschbach v Eschbach,* 56 NY2d 167, 173). Finally, we find no abuse of Supreme Court's discretion in awarding plaintiff $3,000 as counsel fees.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.