■ KATHLEEN A. SULLIVAN, Respondent, v PHILIP A. SULLIVAN, Appellant.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Fischer, J.) granting, *inter alia,* plaintiff a divorce, entered December 10, 1991 in Broome County, upon a decision of the court.

The parties were married on May 13, 1967 and have two children, born in 1967 and 1970. Plaintiff and the children left the marital residence on or about January 19, 1988. Plaintiff thereafter commenced this action for divorce on the ground of cruel and inhuman treatment, and defendant answered with general denials.

At trial in Supreme Court, plaintiff testified that defendant had twisted her arm and threatened her in 1968 or 1969 and

again in 1977,* and that defendant had threatened to kill her in September 1987. Plaintiff testified further that in December 1988 defendant confronted her with a shotgun, at her residence, and told her that he would "see [her] in [her] grave". Following this incident, plaintiff sought a protective order from Family Court. After a full hearing Family Court issued the order, observing that defendant's behavior constituted menacing and harassment, i.e., that he had "intentionally [placed plaintiff] in fear of imminent serious physical injury". This order furnishes compelling proof of plaintiff's contention that cohabitation with defendant was unsafe or improper (see, Thom v Thom, 162 AD2d 811, 813; see also, Echevarria v Echevarria, 40 NY2d 262, 264; Carratu v Carratu, 70 AD2d 503, affd 50 NY2d 941).

From all the evidence adduced at trial before Supreme Court, it is readily inferable that defendant's threats were calculated to instill fear in plaintiff and were ongoing from 1987, when he told her to "pack [her] things up and get out * * * before I kill you", and culminating on December 9, 1988, when, this time with a gun at his side, defendant again stated that he would kill plaintiff. Supreme Court found that as a result of this last occurrence plaintiff was terrified, slept with a shotgun under her bed and carried a two-way radio with her at all times. Furthermore, plaintiff, whose credibility was obviously accepted by Supreme Court, testified that she was required to undergo counseling to enable her to deal with the fear and nervousness engendered by defendant's conduct.

Accordingly, the judgment, insofar as it grants a divorce to plaintiff, is affirmed. In distributing the parties' marital assets, however, Supreme Court failed to credit defendant with $87.50, that being one half of the appraisal costs which plaintiff agreed to pay, and the judgment should be modified to include this credit. Defendant's other arguments with regard to equitable distribution of the couple's assets have been considered and found to be without merit.

Weiss, P. J., Crew III and Harvey, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent. Where a marriage is of long duration, the party seeking the divorce will be held to a high degree of proof (Silvera v Silvera, 147 AD2d

---

* Although these incidents did not occur during the five-year Statute of Limitations period set forth in Domestic Relations Law § 210 (a), they are nonetheless admissible to prove a general course of conduct when, as here, the pleadings give adequate notice of the acts alleged (see, McKilligan v McKilligan, 156 AD2d 904, 906-907).

473, 474). What might be considered substantial misconduct in the context of a marriage of short duration might only be "transient discord" in that of a long-term marriage (see, Thom v Thom, 162 AD2d 811, 812). Proof of irreconcilable or irremedial differences or proof that the marriage is "dead" is insufficient to establish cruel and inhuman treatment (Niles v Niles, 126 AD2d 874).

In my view, two arm twistings and threats uttered on two occasions (only one of which occurred in the last five years) in the course of the 21-year-old marriage do not establish a general course of abusive conduct harmful to the physical and mental health of plaintiff making cohabitation unsafe and improper. Plaintiff's remaining allegations as to defendant's absences, name calling, lack of communication and other complaints are vague and insubstantial. Plaintiff's testimony of treatment by a therapist, in the absence of the testimony of the professional, also lends no support to her allegation that the treatment was necessitated by her marital experiences, nor does it support her contention that it is unsafe and improper for her to cohabit with defendant.

The comments of Supreme Court are telling as to the quality of proof offered at trial. The court indicated that it would be in the best interests of the parties to terminate their relationship because they were living apart, each with a paramour. The bewilderment of the court that defendant chose to contest the divorce suggests that what has emerged from the testimony is the sad remains of a "dead" marriage rather than proof of the elements of cruel and inhuman treatment. Consequently, I conclude that plaintiff has failed to establish cruel and inhuman treatment and reverse the judgment granting plaintiff a divorce.

Ordered that the judgment is modified, on the law, with costs to plaintiff, by modifying the equitable distribution award to credit defendant with $87.50 for one half of the appraisal costs which plaintiff agreed to pay, and, as so modified, affirmed.