■ JANE E. FUCHS, Respondent, v WILLIAM G. FUCHS, Appellant. [628 NYS2d 193] —Mercure, J. Appeal from a judgment of the Supreme Court (Cobb, J.) granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered May 9, 1994 in Columbia County, upon a decision of the court.

Following a nonjury trial, Supreme Court granted plaintiff a divorce upon the ground of defendant's cruel and inhuman treatment (Domestic Relations Law 170 [1]) and equally distributed the marital portion (5/6) of the parties' real property and the inventory of the parties' gun shop. Defendant appeals and we now affirm.

Initially, we reject the contention that plaintiff failed to present evidence sufficient to support a finding that defendant's conduct so endangered her physical or mental well-being as to render it unsafe or improper for her to cohabit with defendant (Domestic Relations Law 170 [1]; *see, Hessen v Hessen,* 33 NY2d 406). The record establishes that plaintiff's asthma was exacerbated by defendant's four-pack-per-day smoking habit, that defendant repeatedly threatened to kill plaintiff, that defendant stalked plaintiff and on one occasion engaged her in a dangerous high-speed automobile chase, following within a few feet of the automobile in which plaintiff was a passenger. Indeed, defendant's threatening behavior caused two orders of protection to be issued. Although a high degree of proof is required to dissolve the parties' 28-year marriage on a fault ground (*see, Brady v Brady,* 64 NY2d 339, 343-344), we conclude that defendant's threatening behavior, which greatly intensified in the final years of the parties' marriage, was such that plaintiff's cohabitation with him would be both unsafe and improper (*see, Sullivan v Sullivan,* 188 AD2d 953, *lv denied* 82 NY2d 653; *Thom v Thom,* 162 AD2d 811; *Kern v Kern,* 115 AD2d 818).

Nor are we persuaded that Supreme Court abused its discretion in its division of marital property. First, plaintiff's alleged marital fault was by no means so egregious as to preclude a distribution of marital property to her (*see, O'Brien v O'Brien,* 66 NY2d 576, 589-590; *Blickstein v Blickstein,* 99 AD2d 287, 292, *appeal dismissed* 62 NY2d 802). Second, the one-half interest that defendant's mother previously held in the parties' realty devolved to the two of them (subject only to the undisputed interest of defendant's sister) by executor's deed in 1990, thereby transforming it from separate to marital property (*see,* Domestic Relations Law 236 [B] [1] [c]; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:4, at 191-192). Moreover,

the evidence supported a finding that the interest of defendant's mother was intended only to secure the $20,000 that she contributed to the purchase price, which was fully repaid from marital assets during her lifetime. Third, Supreme Court did not err in adopting the $34,316 value that defendant placed on the inventory of the gun shop in his 1991 income tax return, particularly in view of defendant's testimony that the figure was accurate and his failure to produce any contrary evidence.

Defendant's remaining contention, that plaintiff's substandard operation of the gun shop constituted a waste of marital assets, is found to be similarly meritless.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.