■ GERALD Moss, Appellant, v KATHERINE Moss, Respondent. [674 NYS2d 858] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered December 9, 1997 in Rensselaer County, which, *inter alia*, denied plaintiff's motion to terminate his temporary monthly maintenance obligation.

This appeal involves the latest chapter in a prolonged divorce action commenced in January 1995 by plaintiff against defendant. Supreme Court granted defendant pendente lite relief in April 1995 and ordered plaintiff to pay defendant $5,000 a month in spousal maintenance and defendant's medical benefits; defendant was also awarded $5,000 for appraisal and accounting fees for the valuation of a family corporation, which asset is hotly contested as a marital asset for purposes of equitable distribution.

Plaintiff appeals from the denial of his motion to modify maintenance, to lift a restraining order relating to plaintiff's enforcement of a $340,000 judgment against the family corporation granted in Supreme Court and to dismiss defendant's counterclaim for divorce on cruel and inhuman treatment grounds. Plaintiff contends that his royalties and salary of $340,000 have been diminished to $71,460.13 for the one-year period immediately preceding August 1997 so that he is unable to make the maintenance payments without impoverishing himself. He contends additionally that he should be allowed to collect on his judgment of $340,000 against the family corporation.

In the early 1960s plaintiff developed the medical products which the family corporation produces. He obtained patents on them during 1985 and 1986. The ownership and control of the corporation and its divisions, Moss Tubes, Inc., Moss Medical Products, Inc. and Moss Medical Devices, is fiercely contested. In a Federal court action commenced by plaintiff, he stipulated to defendant's taking over the operation of the corporation temporarily after he had resigned as president and to the postponement of the Federal action pending resolution of the divorce action.

The present motion is not unlike three prior motions brought by plaintiff in August, September and October 1997 for similar relief, all of which were denied by Supreme Court. Plaintiff had been ordered previously to complete discovery and proceed to trial by filing a note of issue no later than September 1, 1997.

Modification of pendente lite grants of temporary maintenance are only granted when a spouse is unable to fulfill the obligation imposed or in the interest of justice (*see, MacKinnon v MacKinnon*, 245 AD2d 676, 678; *Moshy v Moshy*, 227 AD2d 182, 183). A trial permits a more searching inquiry and reflective financial analysis of the parties' contentions and is the preferred mode of resolution of such matters (*Moshy v Moshy, supra*, at 183).

Here, while facially both parties present reasonable arguments supporting their contentions, a trial is the best way to test the accuracy of their widely divergent claims. Considering plaintiff's recalcitrance in failing on two occasions to file a note of issue and proceed to trial on two separate occasions, we find additional reasons to concur with Supreme Court's decision to deny plaintiff's motion to modify the maintenance award. Nor do we find merit in plaintiff's contention that he should be allowed to proceed to collect on his $340,000 judgment against the family corporation. In view of the complicated interrelationship of the various parts of the corporate structure, the court properly concluded that the matter should be resolved at trial. We decline to disturb Supreme Court's decision to use an injunction pursuant to Domestic Relations Law § 234 to preserve assets alleged to be marital for purposes of equitable distribution.

Finally, we reject plaintiff's contention that defendant's counterclaim is barred by the Statute of Limitations. Where, as here, the counterclaim states facts occurring within the five-year Statute of Limitations period (*see*, Domestic Relations Law § 210) and presuming the allegations as true for purposes of a motion to dismiss on CPLR 3211 (a) (7) grounds, as we are required to do, we hold that the pleading states a cause of action. Though the facts alleged reflected a course of conduct extending beyond the statutory period, consideration of timely misconduct will not be precluded as a basis for divorce (*see, e.g., Sullivan v Sullivan*, 188 AD2d 953, 954, n, *lv denied* 82 NY2d 653). The motion to dismiss for failure to comply with the Statute of Limitations was therefore correctly denied by Supreme Court.

Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.