■ KELLY KUNG, Also Known as WAN PING LI, Respondent, v CONRAD KUNG, Also Known as CHEIN NAN KUNG, Appellant. [893 NYS2d 391]—

Cardona, P.J.

The parties were married in May 1991 and have two children. In September 2007, plaintiff commenced this action for divorce on the ground of cruel and inhuman treatment. Following a nonjury trial, Supreme Court granted plaintiff a divorce, resulting in this appeal by defendant.

A judgment of divorce upon the ground of cruel and inhuman treatment is warranted when a defendant's conduct "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). When a marriage of long duration is involved, as here, a higher degree of proof regarding serious and substantial misconduct is required (*see Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d 862, 863 [2005], *lv denied* 6 NY3d 710 [2006]; *Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 616 [2004]). Supreme Court is vested with broad discretion in determining whether a spouse's conduct rises to the level of cruel and inhuman treatment and we defer to that court's resolution of credibility issues (*see Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d at 863; *Conrad v Conrad*, 16 AD3d 794, 795 [2005]).

The evidence adduced at trial established that during the five years prior to the commencement of this action, defendant would normally come home after 1:00 A.M., many times intoxicated, from the restaurant he managed and wake up plaintiff insisting that they have sexual relations against her wishes. According to plaintiff, if she refused, defendant would begin yelling and would go "ahead with it anyway." Defendant's conduct continued despite plaintiff resorting to sleeping on the couch for over a year. Plaintiff testified that defendant's conduct, as well

as the overall demeaning manner in which he treated her, made her feel scared, disrespected and nervous. She also claims to suffer from sleeplessness and headaches. Furthermore, plaintiff testified that defendant came home on June 21, 2006 smelling of alcohol and again insisted on having sexual relations. According to plaintiff, when she refused, defendant became upset. When he continued to persist, plaintiff bit him in order to get away. She indicated that he then pushed her causing her to hit her head on the coffee table. Plaintiff then called the police.

Although defendant denies some of plaintiff's allegations, he does not deny the manner in which he routinely engaged in sexual relations with plaintiff, explaining that plaintiff never said "no," either in English or their native language. Rather, she would cross her arms and put a pillow over her head while he continued to have sexual relations with her.

Under all these circumstances, we conclude that there is a sufficient basis for Supreme Court's determination that defendant engaged in a course of conduct that endangered plaintiff's mental well-being rendering it improper for her to cohabit with him. Furthermore, contrary to defendant's contention, a finding of cruel and inhuman treatment is not negated by plaintiff's continued residence in the marital home, given her inability to speak English, the presence of her daughters at the house and her total reliance on defendant for financial assistance. Nor does the lack of medical proof require dismissal under the particular facts of this case.

Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.