■ NINA SANACORE, Respondent, v MICHAEL SANACORE, Appellant. [904 NYS2d 234]—

Cardona, P.J. Appeal from an order of the Supreme Court (Nichols, J.), entered January 26, 2010 in Columbia County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

The parties were married in October 1987. In May 2008, plaintiff (hereinafter the wife) commenced this divorce action alleging cruel and inhuman treatment. After joinder of issue and some discovery, defendant (hereinafter the husband) moved for summary judgment dismissing the complaint for failure to state a cause of action or, in the alternative, partial summary judgment seeking, among other things, dismissal of portions of the complaint as time-barred or insufficiently pleaded. Thereafter, although Supreme Court did grant the husband relief to the extent of allowing a further deposition of the wife, the court denied the husband's motion for summary judgment based upon his failure to attach the relevant portion of the verified complaint to his motion papers.

Initially, despite the husband's argument that the record was sufficiently complete for determination of his motion, Supreme Court specifically identified that portion of the verified complaint that was missing and its relevance to the husband's request for relief. Notably, the failure to attach the requisite pleadings to the moving papers generally requires denial of the motion (see CPLR 3212 [b]; Bonded Concrete v Town of Saugerties, 3 AD3d 729, 730 [2004], lv denied 2 NY3d 793 [2004]), although a dismissal under those circumstances should be without prejudice to renewal (see Greene v Wood, 6 AD3d 976, 977 [2004]; Welton v Drobnicki, 298 AD2d 757, 757 [2002]). In any event, on appeal, the failure to include the complete pleadings on the motion may be excused when the record on appeal is sufficiently complete to address the merits (see Welch v Hauck, 18 AD3d 1096, 1098 [2005], lvs denied 5 NY3d 708 [2005]; Greene v Wood, 6 AD3d at 977; General Motors Acceptance Corp. v Albany Water Bd., 187 AD2d 894, 895 n [1992]). Accordingly, inasmuch as the record herein contains a complete copy of the verified complaint, we will, in the interest of judicial economy, address the husband's motion (see Welch v Hauck, 18 AD3d at

1098; *General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d at 895 n).

In this matter, the husband contends that the conduct alleged by the wife amounts to uncorroborated claims of incompatibility and her allegations are insufficient to meet the standards for a divorce on the basis of cruel and inhuman treatment (*see* Domestic Relations Law § 170 [1]). Notably, a divorce under this section requires a showing of serious misconduct and, with a long-standing marriage, a high degree of proof showing a pattern of cruel and inhuman treatment affecting the plaintiff's physical or mental health such that continued cohabitation would be unsafe or improper (*see Brady v Brady*, 64 NY2d 339, 343-344 [1985]; *Kung v Kung*, 69 AD3d 1295, 1295 [2010], *see also McMahon v McMahon*, 42 AD3d 787, 788 [2007]).

Upon review of this record, including, among other things, the transcript of the wife's deposition testimony and the verified complaint, we do not agree with the husband's claim that he presented a prima facie showing that the verified complaint should be summarily dismissed. The allegations by the wife go beyond "mere incompatibility" (*Brady v Brady*, 64 NY2d at 343). Among her claims she alleges that, on various occasions during this long-term marriage, the husband abused her physically, including pushing, shoving and bruising her. She indicated that he verbally abused her, denigrated her appearance, ridiculed her and subjected her to angry tirades in front of the children. She also alleged that he would threaten or intimidate her when she tried to leave him. As a result of this alleged conduct, she claimed she received individual counseling for depression and anxiety. Given these allegations, we conclude that the husband failed to meet his burden of submitting evidence demonstrating that the wife's cause of action has no merit (*see* CPLR 3212 [b]). Moreover, even assuming that the husband met that burden, the wife's submissions, including an affidavit from a marriage counselor opining that the wife suffered emotional and psychological injury as a result of the husband's actions, create triable issues of fact (*see* Domestic Relations Law § 170 [1]; *Hadi v Hadi*, 34 AD3d 1153, 1154 [2006]).

Finally, we are unpersuaded by the husband's remaining arguments that partial summary judgment should have been granted dismissing portions of the verified complaint as deficient. He contends that certain of the allegations in the verified complaint occurred prior to the five-year limitations period of Domestic Relations Law § 210. However, when a spouse in a long duration marriage seeks to establish a general course of cruel and inhuman treatment, such evidence is admissible notwithstand-

ing that some of the events occurred outside of the limitations period (*see Sullivan v Sullivan*, 188 AD2d 953, 954 n [1992], *lv denied* 82 NY2d 653 [1993]; *see also Moss v Moss*, 251 AD2d 937, 938 [1998]). Moreover, while it appears that the wife did not set forth exact dates for certain of the allegations in the verified complaint, our review indicates that the assertions nevertheless "sufficiently apprise [the husband] of the misconduct [he] will be called upon to meet at trial" (*Lerner v Lerner*, 65 AD2d 889, 889 [1978]). Accordingly, we find that the husband did not establish entitlement to partial summary judgment on the above grounds.

Mercure, Peters, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.