■ Susan M. Bennett, Respondent, v Jeffrey H. Bennett, Appellant. [918 NYS2d 617]—

Peters, J.

The parties were married in 1980 and have six children. Plaintiff left the marital residence in May 2004 and commenced this action for divorce in October 2006. Following a bench trial, Supreme Court granted plaintiff a divorce on the ground of cruel and inhuman treatment. Defendant appeals, and we affirm.

An action for divorce on the basis of cruel and inhuman treatment "requires a showing of serious misconduct and, with a long-standing marriage, a high degree of proof showing a pattern of cruel and inhuman treatment affecting the plaintiff's physical or mental health such that continued cohabitation would be unsafe or improper" (*Sanacore v Sanacore*, 74 AD3d 1468, 1470 [2010]; *see Kung v Kung*, 69 AD3d 1295, 1295 [2010]; *Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d 862, 863 [2005], *lv denied* 6 NY3d 710 [2006]). Supreme Court, as the trier of fact, has broad discretion in determining whether a spouse's conduct rises to the level of cruel and inhuman treatment and its factual determinations and assessment of witness credibility are entitled to great deference (*see Kung v Kung*, 69 AD3d at 1295; *Freas v Freas*, 33 AD3d 1069, 1070 [2006]; *Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d at 863; *Nichols v Nichols*, 19 AD3d 775, 777 [2005]). As such, the court's determination will not be lightly overturned on appeal (*see Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d at 863; *Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 616 [2004]).

The credible evidence adduced at trial revealed that plaintiff was subjected to authoritarian, demeaning and controlling treatment by defendant throughout their 26-year marriage. According to plaintiff's detailed and uncontradicted testimony, defendant enforced a strict, hierarchical structure of the household and expected her to be fully submissive to him. Defendant's conduct also included calling plaintiff names, isolating her from family and friends, undermining her authority as a parent, ridiculing and making disparaging comments about her and her physical appearance in front of the children, and preventing her from leaving the marital residence by, among other things, disabling the family vehicle. Moreover, defendant refused to engage in sexual relations with plaintiff for several years prior to her leaving the marital residence in 2004. Plaintiff offered evidence, which Supreme Court deemed credible, that defendant's conduct caused her to feel disrespected, emotionally broken-down, depressed and to have suicidal thoughts. She also vacated the marital residence on more than one occasion due to defendant's conduct and, ultimately, sought counseling. In light of this proof, we find a sufficient basis for Supreme Court's conclusion that defendant engaged in a pattern of emotional neglect, dominion and control which endangered plaintiff's mental well-being, thereby rendering it improper for her to continue to cohabit with him (*see Armstrong v Armstrong*, 72 AD3d 1409, 1411 [2010]; *Kung v Kung*, 69 AD3d at 1295-1296; *Freas v Freas*, 33 AD3d at 1071-1072; *Conrad v Conrad*, 16 AD3d 794, 795 [2005]).

Defendant's remaining contentions, to the extent that they are properly before us, have been reviewed and found to be lacking in merit.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the amended judgment is affirmed, without costs.