Dawn M. Helm, Respondent, v Matthew Helm, Appellant. [939 NYS2d 592]—

Malone Jr., J.

Plaintiff and defendant married in 1993 and are the parents of three children (born in 1994, 1995 and 1997).[1] In November 2007, plaintiff commenced this action for divorce on the ground

---

1. Inasmuch as the oldest child has reached the age of 18, the determination of custody with respect to her is moot (*see Slater-Mau v Mau*, 4 AD3d 658, 659 [2004]).

of cruel and inhuman treatment, alleging that defendant controlled and harassed her. Following a trial, Supreme Court granted plaintiff a divorce and awarded the parties joint legal custody of the children, with primary physical custody to plaintiff. Defendant appeals, arguing, as limited by his brief, that plaintiff failed to prove that she was entitled to a divorce and that Supreme Court erred by awarding physical custody of the children to plaintiff.

In an action for divorce, to prevail on the ground of cruel and inhuman treatment, " 'the party seeking the divorce must establish that the other party's conduct so threatened his or her physical or mental well-being that it would be unsafe or improper to continue to cohabit with the offending party' " (*Redgrave v Redgrave*, 304 AD2d 1062, 1063 [2003], quoting *Shortis v Shortis*, 274 AD2d 880, 880-881 [2000]; *accord Armstrong v Armstrong*, 72 AD3d 1409, 1411 [2010]; *see* Domestic Relations Law § 170 [1]). Supreme Court is vested with broad discretion in determining whether a spouse's conduct rises to the level of cruel and inhuman treatment, and its factual determinations and assessment of witness credibility will be accorded deference (*see Bennett v Bennett*, 82 AD3d 1294, 1295 [2011]; *Armstrong v Armstrong*, 72 AD3d at 1411).

Here, plaintiff's proof, which Supreme Court specifically found to be more credible than defendant's, established defendant's controlling nature and ongoing abusive behavior toward plaintiff throughout their marriage. Plaintiff testified that defendant's behavior caused her to suffer stress, anxiety, headaches and loss of appetite, among other ailments. According to plaintiff's testimony, over the course of the parties' marriage, defendant unilaterally determined how the children would be disciplined and where and when they would spend their holidays, and controlled the amount of time she and the children spent with plaintiff's family. Plaintiff testified that, after she announced her intention to divorce him, defendant's behavior escalated to the point where he deprived her of privacy by following her into the bathroom and remaining there while she attended to personal needs and by reviewing her cell telephone call log on a daily basis. During one argument, according to plaintiff, defendant "trapped" her in the house by taking her car keys and cell telephone and prevented her from going to a neighbor's house.

Defendant's controlling behavior continued even after plaintiff vacated the marital residence. For instance, because all of the couple's vehicles were registered in defendant's name, defendant denied plaintiff permission to use any of them after she left and he disconnected the service to her cell telephone. On

one occasion when plaintiff arrived to pick up the children, an argument ensued during which defendant again took plaintiff's car keys, forcibly pulled plaintiff away from a window when she attempted to signal for help and then threw her onto a couch. According to plaintiff, whose testimony the court expressly credited, defendant then threatened to kill her and attempted to choke her, stopping only when one of the parties' children entered the room. Considering the proof in the record as a whole, and deferring to Supreme Court's finding that plaintiff's testimony was more credible than defendant's, we find that the court did not abuse its discretion by finding that defendant's conduct threatened plaintiff's physical or mental well-being such that it would be unsafe or improper for her to continue to live with him (see *Sanacore v Sanacore*, 74 AD3d 1468, 1470 [2010]; *Kung v Kung*, 69 AD3d 1295, 1295-1296 [2010]).

As for defendant's contention that Supreme Court erred by granting plaintiff primary physical custody of the children, it is well settled that, in custody matters, the court's overriding concern is the best interests of the children, "which requires consideration of all relevant factors including 'the parents' ability to provide a stable home environment for the child[ren], the child[ren's] wishes, the parents' past performance, relative fitness, ability to guide and provide for the child[ren's] overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Matter of Shearer v Spisak*, 90 AD3d 1346, 1347 [2011], quoting *Matter of Rundall v Rundall*, 86 AD3d 700, 701 [2011]; see *Porcello v Porcello*, 80 AD3d 1131, 1133 [2011]). The court's determination in that regard will not be disturbed upon appeal so long as it has a sound and substantial basis in the record (see *Matter of Hughes v Hughes*, 80 AD3d 1104, 1105 [2011]; *Malcolm v Jurow-Malcolm*, 63 AD3d 1254, 1256 [2009]).

Here, Supreme Court issued a thorough and well-reasoned decision and it is apparent that it considered all of the relevant factors before finding that the children's best interests were served by an award of primary physical custody to plaintiff. Notably, the evidence established that plaintiff had been the children's primary caregiver for most of their lives and that primary physical custody to her provided the children with more stability. The evidence also demonstrated that plaintiff was actively involved in the children's education and coordinated their medical care, and her longstanding employment schedule enabled her to care for the children after school. Defendant's work history, however, had not been stable and his current employment schedule required him to work until 8:00 P.M. on

most days, which meant that he was unavailable to care for the children in the evenings. The evidence also indicated that defendant tended to not interact with the children during his visitation, instead preferring that they watch television. Defendant was not aware of the names of the children's teachers, did not attend parent-teacher conferences and made little effort to attend their extracurricular activities, such as concerts and athletic games. In addition, the court noted that plaintiff allowed the children to spend a holiday with defendant that fell within her allotted visitation time, and she encouraged the oldest child to improve her strained relationship with her father and spend more time with him. Although plaintiff was not without faults, the evidence in the record as a whole provides a sound and substantial basis for the court's finding that an award of primary physical custody to her was in the children's best interests.[2] Finally, while not determinative, we note that the attorney for the children fully supported an award of primary physical custody to plaintiff (see *Matter of Siler v Wright*, 64 AD3d 926, 929 [2009]).

Mercure, A.P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

2. While it does not appear that defendant is challenging it, to the extent that he does, Supreme Court's determination that the parties' relationship is not "so acrimonious that they are incapable of putting aside their differences" (*Webster v Webster*, 283 AD2d 732, 734 [2001] [internal quotation marks and citation omitted]) is supported by the record and, thus, the award of joint legal custody was appropriate.