Ninth Space LLC v Goldman (2020 NY Slip Op 08005)





Ninth Space LLC v Goldman


2020 NY Slip Op 08005


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 655957/17 Appeal No. 12746N Case No. 2020-02122 

[*1]Ninth Space LLC, et al. Plaintiffs-Respondents,
v
James Goldman, et al., Defendants, Dining Entertainment Group LLC, Defendant-Appellant.


Paul F. Condzal, New York, for appellant.
Dewey Pegno & Kramarsky LLP, New York (Anders W. Pauley of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about December 4, 2019, which, insofar as appealed from, granted plaintiffs' CPLR 3025 motion to amend the complaint with respect to the proposed cause of action for breach of contract, unanimously affirmed, without costs.
Preliminarily, we note that the record on appeal from an interlocutory judgment or order must include, among other things, "the transcript, if any" (CPLR 5526). This includes the transcripts of oral argument on motions (see Kai Lin v Strong Health, 82 AD3d 1585, 1586 [4th Dept 2011], lv dismissed in part, denied in part, 17 NY3d 899 [2011]). Failure to assemble a proper record, including relevant transcripts, will warrant dismissal of the appeal (see Lynch v Consolidated Edison, Inc., 82 AD3d 442 [1st Dept 2011]; Sebag v Narvaez, 60 AD3d 485 [1st Dept 2009], lv denied 13 NY3d 711 [2009]). Here, while defendant-appellant failed to include a copy of the transcript of the oral argument on the instant motion in the record, we will disregard defendant's technical failure and take judicial notice of the electronically filed transcript (see Long v State of New York, 7 NY3d 269, 275 [2006]).
The motion court providently exercised its discretion in granting plaintiffs leave to amend the complaint to assert the contract cause of action which, supported by the signed contract, "addressed the failings cited by the court in its prior order" (Donovan v Rothman, 253 AD2d 627, 630 [1st Dept 1998]; see Danise v Agway Energy Prods., 255 AD2d 731, 732 [3d Dept 1998] [affirming grant of leave to amend complaint to reinstate dismissed claim]). An order dismissing a claim on a CPLR 3211 motion "will not preclude a new action which meets and overcomes the particular objection" (De Ronda v Greater Amsterdam School Dist., 91 AD2d 1088, 1089 [3d Dept 1983]). Here, the court dismissed plaintiffs' contract claim in the original complaint on the sole ground that they had failed to support the claim with a signed copy of the contract. Plaintiffs remedied this by producing a signed and notarized copy of the Agreement.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020