Corona v HHSC 13th St. Dev. Corp. (2021 NY Slip Op 03907)





Corona v HHSC 13th St. Dev. Corp.


2021 NY Slip Op 03907


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Index No. 23651/13E, 43265/15E Appeal No. 14089 Case No. 2020-04594 

[*1]Roberto Torres Corona et al., Plaintiffs-Appellants,
v
HHSC 13th Street Development Corporation et al., Defendants-Respondents, Republic Scaffold & Hoist Corp., Defendant.
HHSC 13th Street Development Corporation et al., Third-Party Plaintiffs-Respondents,
v
The City of New York, Third-Party Defendants-Respondents.


Mark S. DeAngelis, Baldwin Place (Beth S. Gereg of counsel), for appellants.
Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for HHSC 13th Street Development Corporation, 13th Street Associates L.P., H.E.L.P. USA Inc., Genesis at 13th Inc. and Genesis Apartments, respondents.
Cullen and Dykman LLP, New York (Adrienne Yaron of counsel), for Bay Restoration Corp., respondent.
James E. Johnson, Corporation Counsel, New York (Ellen Ravitch of counsel), for municipal respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered August 14, 2020, which, to the extent appealed from as limited by the briefs, granted defendants HHSC 13th Street Development Corporation, 13th Street Associates L.P., H.E.L.P. USA, Inc., also known as HELP USA, Genesis at 13th, Inc., and Genesis Apartments' motion for summary judgment dismissing the complaint as against them, and, in effect, upon a search of the record, dismissed the third-party complaint, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 200 and common-law negligence claims as premature, with leave to renew upon the completion of discovery, and otherwise affirmed, without costs.
Plaintiff Roberto Torres Corona (plaintiff) alleges that he was injured when he fell on the sidewalk abutting defendants' property during his employment in the deconstruction and disassembly of a sidewalk bridge and his right eye became impaled on a tree guard.
Defendants' motion is premature with respect to the Labor Law § 200 and common-law negligence claims, since "it appear[s] . . . that facts essential to justify opposition may exist but cannot . . . be stated" (CPLR 3212[f]) because they lie within defendants' exclusive knowledge (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557, 557 [1st Dept 2007]; Lyons v New York City Economic Dev. Corp., 182 AD3d 499 [1st Dept 2020]). During discovery, defendants served a response to plaintiffs' notice to admit in which they admitted to installing, designing, and constructing the subject tree guard.[FN1] However, in support of their motion for summary judgment — which they filed before being deposed and before discovery had concluded — defendants submitted an affidavit by their former director of operations, in which he averred, in sum and substance, that they never had anything to do with the tree guard and never received any complaints about it.
The Labor Law § 241(6) claim was correctly dismissed insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(2) because the tree guard was a permanent fixture of defendants' property and therefore bore no relation to "the work being performed" (12 NYCRR 23-1.7[e][2]) (see Mendoza v Highpoint Assoc., IX, LLC, 83 AD3d 1, 12 [1st Dept 2011]). The claim was also correctly dismissed insofar as predicated on 12 NYCRR 23-5.1(h) because the putative absence of a "designated person" was not a proximate cause of the accident (see Ortega v Trinity Hudson Holding LLC, 176 AD3d 625, 626 [1st Dept 2019]).
The Labor Law § 240(1) claim was correctly dismissed because plaintiff's fall, which he testified happened when he was walking on the sidewalk and stepped onto two stacked, wet two-by-fours that slipped out from under him, was not the result of an elevation-related risk against which he was not properly protected (see Armental v 401 Park Ave. S. Assoc., LLC, 182 AD3d 405, 406 [1st Dept 2020]; see generally Narducci v Manhasset Bay Assoc., [*2]96 NY2d 259, 267 [2001]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021



Footnotes

Footnote 1: We take judicial notice of the response, since it was e-filed via NYSCEF in Supreme Court (see Ninth Space LLC v Goldman, 189 AD3d 686 [1st Dept 2020]; Perez v New York City Hous. Auth., 47 AD3d 505 [1st Dept 2008]).