Castelloe v Fong (2022 NY Slip Op 02190)





Castelloe v Fong


2022 NY Slip Op 02190


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Index No. 312174/11 Appeal No. 15627 Case No. 2021-02040 

[*1]Molly Castelloe, Plaintiff-Appellant,
v
Laurence Fong, Defendant-Respondent.


Schwartz Sladkus Reich Greenberg, New York (Barry Abbott of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (Allan E. Mayefsky of counsel), for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about May 10, 2021, which, to the extent appealed from as limited by the briefs, confirmed the Special Referee's report, dated February 5, 2021, awarding plaintiff monthly basic child support of $3,333.33, and, accordingly, awarded defendant a child support overpayment credit of $291,513.40 against his future share of add-on expenses, unanimously affirmed, without costs.
Initially, we find that the record on appeal is sufficient to permit review of the merits of the appeal (see Sanacore v Sanacore, 74 AD3d 1468, 1469 [3d Dept 2010]). In any event, we overlook plaintiff's technical failure to include the transcript of the court's decision from the bench in the record and take judicial notice of the electronically filed transcript (see Ninth Space LLC v Goldman, 189 AD3d 686, 686 [1st Dept 2020]).
The court providently exercised its discretion in imputing income to the parties. We see no reason to disturb the Referee's credibility determinations and factual findings, which are afforded great deference on appeal (see e.g. Matter of Anthony L. v Bernadette R., 193 AD3d 510, 511 [1st Dept 2021]). Contrary to plaintiff's contention, the Referee properly imputed income of $250,000 to defendant based on the cash gifts he received from his parents during the three years preceding the hearing, and omitting earlier gifts used to purchase his current residence and to pay the parties' legal fees (see Rostropovich v Guerrand-Hermes, 18 AD3d 211, 211 [1st Dept 2005]). The Referee properly rejected plaintiff's contention that additional income should be imputed to defendant based on his earning capacity, given the evidence demonstrating that the 60-year-old defendant was terminated from his job before the marriage and had not worked full-time since 2008, three years before the commencement of this divorce action. Plaintiff presented no expert testimony to establish defendant's earning capacity at the time of the hearing, and there was no evidence that defendant intentionally diminished his income to avoid his support obligations (see McBride v McBride, 222 AD2d 563 [2d Dept 1995], lv denied 88 NY2d 801 [1996]).
Although plaintiff argues that the Referee relied on an outdated lifestyle analysis in fashioning a child support award and that the award does not capture the economic realities of raising now teenaged children, she failed to demonstrate that the award, based on a $250,000 income cap, is insufficient to meet the children's "actual needs" to live an "appropriate lifestyle" (Matter of Culhane v Holt, 28 AD3d 251, 252 [1st Dept 2006] [internal quotation marks omitted]). The trial evidence reflects that the parties live a comfortable upper-middle-class lifestyle and that both parties have significant financial resources to support the use of a $250,000 cap (see Zappin v Comfort, 155 AD3d 497, 499 [1st Dept 2017], appeal dismissed 31 NY3d 1077 [2018]).
Plaintiff argues that [*2]awarding defendant a $291,513.40 credit against future add-on expenses for his overpayment of child support during the pendency of this matter violates public policy because it will effectively extinguish his child support obligation. This argument is unavailing. While public policy forbids offsetting over payments against basic child support, it does not forbid offsetting against add-on expenses, (Coull v Rottman, 35 AD3d 198, 201 [1st Dept 2006], appeal dismissed 8 NY3d 903 [2007]). Given that plaintiff has sufficient financial resources at her disposal, we find that defendant is entitled to use any overpayment, retroactive to the agreed-upon date of January 27, 2017, to offset his share of future add-on expenses.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022