Matter of Medallion Fin. Corp. v Rucker (2024 NY Slip Op 00167)

Matter of Medallion Fin. Corp. v Rucker

2024 NY Slip Op 00167

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 812275/21 Appeal No. 1430 Case No. 2022-05532 

[*1]In the Matter of Medallion Financial Corp., Petitioner-Appellant,
v
Robert A. Rucker, Respondent-Respondent.

Jaspan Schlesinger Narendran LLP, Garden City (Christopher D. Palmieri of counsel), for appellant.
Pollard Law Group, P.C., New York (Jonathan C. Pollard of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about November 9, 2022, which granted respondent's motion to vacate a prior order granting, on default, the petition to compel a sheriff's sale of real property, unanimously reversed, on the law, without costs, and the motion denied.
Despite petitioner's failure to include a transcript of the oral argument, the record is sufficient for appellate review (see Ninth Space LLC v Goldman, 189 AD3d 686, 686 [1st Dept 2020]; Sanacore v Sanacore, 74 AD3d 1468, 1469 [3d Dept 2010]).
Personal service of the order to show cause and petition commencing this special proceeding was properly effectuated on respondent pursuant to CPLR 308(2), and thus respondent failed to demonstrate that vacatur of the default order under CPLR 5015(a)(4) is warranted. The process server's affidavit of service indicated that the order to show cause and petition were served upon a person of suitable age and discretion, respondent's wife, and then mailed to respondent at the same address. In his affidavit in support of the motion to vacate, respondent did not deny that the person served was his wife, and his mere denial of receipt of service of the order to show cause is insufficient to rebut the presumption of proper service created by the properly executed affidavit of service (see Slimani v Citibank, N.A., 47 AD3d 489, 489 [1st Dept 2008]).
To the extent respondent's motion to vacate the order was made pursuant to CPLR 5015(a)(1), he was required to show both a reasonable excuse for his default and a meritorious defense (see Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510, 510 [1st Dept 2010]; Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). Respondent's proffered excuse that he never received the order to show cause is insufficient considering the properly executed affidavit of service demonstrating personal service upon respondent (see NYCTL 2015-A Trust v Diffo Props. Corp., 171 AD3d 538, 539 [1st Dept 2019], lv dismissed 34 NY3d 1198 [2020]; see also Matter of BNB Bank v HealthFirst PHSP Inc., 193 AD3d 525, 526 [1st Dept 2021]). In addition, respondent's claimed defense — that the judgment obtained by petitioner is invalid because it was entered based on an affidavit of judgment that petitioner fraudulently induced him to execute — is barred by the six-year statute of limitations. The affidavit was signed on December 17, 2013, but respondent did not assert his fraud defense in this action or commence a plenary action to void the judgment of confession until July of 2022, almost nine years after the alleged fraud (see Pearl-Wick Corp. v Chase Manhattan Bank, 125 AD2d 249, 252 [1st Dept 1986], affd 71 NY2d 823 [1988]; Prichard v 164 Ludlow Corp., 49 AD3d 408, 408 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024