■ In the Matter of MARY LANDRIGEN, Appellant, v COLIN LANDRIGEN, Respondent.—Weiss, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Family Court of Rockland County (Stanger, J.), entered January 5, 1989, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' child.

This proceeding involves opposing requests for custody of the parties' four-year-old daughter. The sole issue raised on this appeal is the extent to which respondent should have been sanctioned pursuant to CPLR 3126 for failure to comply with a midtrial disclosure order. Petitioner sought medical records, the names of witnesses to incidents, authorization to obtain medical records and reports, and certain other documents. Although Family Court found that respondent had failed to fully comply with the requests, the court refused to strike respondent's pleading, finding that sanction to be unwarranted. The court held that the child, who was in essence an interested party whose best interest was the paramount issue before the court, would be adversely affected. Rather, the

court limited its relief to preclusion of those witnesses who respondent had not appropriately identified and to documentary evidence not already before the court or in petitioner's possession. Petitioner contends that because the nondisclosure could be labeled intentional, it was error not to strike respondent's pleadings and that sole custody of the child should have been given to her. We disagree.

The general rule is that a court should only impose a sanction commensurate with the particular disobedience it is designed to punish, and to go no further. Moreover, a court should strive to avoid a sanction which will adversely affect the interest of an innocent party. The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter lying within the sound discretion of the trial court *(Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892, 893). Under the circumstances presented, we are unable to conclude that Family Court abused its discretion.

Order affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.