In the Matter of JOSEPH R. ARCIDINO, Respondent, v MELANIE A. McCARTHY, Appellant. [792 NYS2d 271]—

Appeal from an order of the Family Court, Onondaga County (David G. Klim, J.), entered March 20, 2003 in a proceeding pursuant to Family Court Act article 6. The order granted the petition in part and, among other things, directed respondent to return to the State of New York with the parties' child and awarded petitioner sole custody of the child in the event respondent failed to do so.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order that, inter alia, required her to return from North Carolina to live in Onondaga County with the parties' child and awarded petitioner sole custody of the child in the event that she failed to do so. We reject respondent's contention that Family Court abused its discretion in granting petitioner's motion to preclude the testimony of two witnesses who treated the parties' child in North Carolina for behavioral problems and developmental delays. The court granted petitioner's preclusion motion after

respondent failed to comply with an order compelling discovery with respect to those two witnesses. The court thereafter reserved decision on respondent's motion seeking to vacate the order granting petitioner's preclusion motion until the completion of a court-ordered independent evaluation of the parties and the child. When respondent refused to bring the child to Syracuse for the evaluation, the court denied respondent's motion. We conclude that the court properly "impose[d] a sanction commensurate with the particular disobedience [the sanction was] designed to punish, and [went] no further" (*Matter of Landrigen v Landrigen*, 173 AD2d 1011, 1012 [1991]). Furthermore, both respondent and the child's former pediatrician testified with respect to the child's behavioral problems and developmental delays, and the pediatrician testified that, in her opinion, the child would receive more effective treatment in the team-oriented approach utilized by the treatment providers in North Carolina. Thus, contrary to the contention of respondent, she was not denied the opportunity to present evidence necessary for the court to determine the best interests of the child (*cf. Matter of Stukes v Ryan*, 289 AD2d 623, 624 [2001]). Present—Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.