*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                    522320
_____

In the Matter of JESSE E.,
                    Respondent,

            v                              MEMORANDUM AND ORDER

LUCIA F.,
                    Appellant.
_____

Calendar Date:  November 18, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

        John Ferrara, Monticello, for appellant.

        Ted J. Stein, Woodstock, for respondent.

        Daniel Gartenstein, Kingston, attorney for the child.

_____

McCarthy, J.

        Appeal from an order of the Family Court of Ulster County
(McGinty, J.), entered November 23, 2015, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, for custody of the parties' child.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the parents of a son (born in 2004).
In August 2014, the mother lost physical custody of the child
following a Family Court Act article 10 adjudication resulting in
a finding of neglect after the mother admitted that, while being
the sole caretaker of the child for a period of 12 days, she
consumed alcohol to the point of impairment and engaged in a
physical altercation in front of the child.  Thereafter, Family
Court granted the father temporary custody of the child until

June 18, 2015 and granted the mother supervised visitation.  In February 2015, the father petitioned for sole custody of the child.  Following a fact-finding hearing and a <u>Lincoln</u> hearing, Family Court granted sole custody to the father citing, among other things, the mother's recent struggles with alcohol abuse and the father's demonstrated ability to provide a stable home environment for the child, which resulted in the child's "significant behavioral improvements."  The mother was granted visitation on Sundays from 10:00 a.m. to 6:00 p.m., Wednesdays from 5:00 p.m. to 7:30 p.m. and for specified periods on holidays and during summer vacation.  The mother now appeals, and we affirm.

        Initially, Family Court did not abuse its discretion in precluding certain witnesses from testifying as to the mother's supervision of the child, the mother's progress in treatment and recovery and the mother's fiancé's compliance with probation and the work that he had done on his relationship with the mother.  Family Court may, in its discretion, impose sanctions upon a party that fails to comply with a disclosure order (<u>see</u> CPLR 3126; <u>Matter of Landrigen v Landrigen</u>, 173 AD2d 1011, 1012 [1991]).  "The general rule is that a court should only impose a sanction commensurate with the particular disobedience it is designed to punish, and to go no further" (<u>Matter of Landrigen v Landrigen</u>, 173 AD2d at 1012; <u>see</u> <u>Matter of Arcidino v McCarthy</u>, 16 AD3d 1132, 1132 [2005]).  The mother failed to comply with a scheduling order specifying that the parties were required to provide a witness list one week before the trial date.[1]  The court allowed the mother to testify to the aforementioned topics, but foreclosed testimony from the witnesses who were not disclosed to the other parties.  The court did not abuse its discretion in imposing this commensurate remedy.  The child's right to have issues fully explored would have been impeded if the mother presented witnesses without providing the father and the attorney for the child the court-ordered notice that would

_____

        [1]  While the father acknowledged having received a witness list from the mother a few days before the hearing commenced, the attorney for the child denied having ever received a witness list from the mother.

have permitted them to prepare for examination of such witnesses, and the mother was allowed to – and did – testify to the underlying issues (see Matter of Arcidino v McCarthy, 16 AD3d at 1133 [2005]; Matter of Landrigen v Landrigen, 173 AD2d at 1012). In any event, given that Family Court explicitly credited the mother's testimony on the important topic of her recovery and ongoing sobriety, any error would be harmless.

Further, there is a sound and substantial basis in the record to support the custody determination. The father's testimony established that he had provided a stable environment for the child, that he was highly involved with the child's progress at school and that the child had been showing significant improvements in school. The father explained his supervision plans for the child when he could not supervise him and testified to providing health care for the child. He also explained that he and the child often fish, play basketball and go four wheeling together. The father testified that he is willing to cooperate and provide the mother with more parenting time, but he is not ready for the child to sleep at the mother's house given that he does not know where the child would sleep or the type of environment the child would be in.

In contrast, the mother was unaware of whether she even lived in the child's school district and did not have plans for providing supervision for the child should he need it. Although both the mother and the father have dealt with issues of substance abuse in the past, the evidence established that the father was much further along with his recovery efforts than was the mother. Considering this evidence, as well as the confidential Lincoln hearing testimony, we find the requisite sound and substantial basis in the record that the best interests of the child warranted granting the father sole custody (see Matter of Wilson v Hendrickson, 88 AD3d 1092, 1094 [2011]; Matter of Wentland v Rousseau, 59 AD3d 821, 823-824 [2009]).

Finally, the mother's contention that Family Court ought to have ordered her visitation switched from Wednesday evenings to Thursday evenings based upon a letter she sent to the court – after Family Court issued its order – is not properly before this Court. Notably, the mother did not express this preference for

visitation during the hearing or anytime before Family Court had issued its order. Moreover, the mother does not appeal from an order denying this requested change that would allow us to review the issue (see generally Sholes v Meagher, 100 NY2d 333, 335 [2003]).[2] To the extent that the mother petitions this Court for a new visitation order due to a change in circumstances, such an application is properly made to Family Court.

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2] There is no evidence in the record that either the father or the attorney for the child have been provided with an opportunity to present evidence as to the mother's proposed visitation schedule.