Matter of Tara DD. v Seth CC. (2020 NY Slip Op 01227)





Matter of Tara DD. v Seth CC.


2020 NY Slip Op 01227


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528086

[*1]In the Matter of Tara DD., Respondent,
v
Seth CC., Appellant.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Dennis B. Laughlin, Cherry Valley, for appellant.
Karen A. Leahy, Cortland, for respondent.
Citizens Concerned for Children, Ithaca (Kathleen A. Sullivan of counsel), attorney for the child.



Lynch, J.P.
Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered September 28, 2018, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2009). In April 2017, the parties consented to an order of custody and visitation which, among other things, granted them joint legal custody with residential custody to the mother and alternate weekend/weekday parenting time to the father. In August 2017, the father filed an enforcement petition alleging that the mother disallowed his parenting time in violation of the April 2017 order. Shortly thereafter, the mother filed a custody modification petition seeking sole legal custody of the child and reduced, supervised parenting time for the father on the basis that the father failed to abide by the terms and conditions of the April 2017 order. Following Family Court's issuance of a temporary order of custody and then two interim orders, the mother filed an amended petition for modification of custody alleging that the father committed additional violations of the April 2017 order.[FN1]
After the preliminary conference held in May 2018, Family Court ordered the parties to file responsive pleadings by June 1, 2018, complete discovery by July 16, 2018 and set a trial date. The father failed to respond to the mother's discovery demands or file a responsive pleading. After the next preliminary conference, the court extended the deadline for responsive pleadings and discovery to August 3, 2018 and September 14, 2018, respectively, and set a new trial date. Due to the father's failure to respond, the mother filed an order to show cause seeking an order granting her custody modification petition or sanctions against the father. At the ensuing preliminary conference, the court conditionally granted the mother's motion to preclude pending the father's complete compliance with discovery demands by September 14, 2018.
On September 18, 2018, the father filed an answer — contending that the mother failed to allege a change in circumstances — and an amendment to his August 2017 enforcement petition, seeking joint legal custody, split parenting time and final decision-making authority. Thereafter, the mother filed an order to show cause seeking an entry of default against the father and sanctions for his failure to comply with discovery demands. At the ensuing fact-finding hearing, over the father's objections, Family Court granted the mother's motion to preclude the father from offering any proof and contesting the mother's allegations. Thereafter, the father consented to the proposed custody order, and the court, among other things, awarded sole legal custody to the mother and alternate weekend parenting time to the father. The father appeals.[FN2]
The father contends that Family Court erred in precluding him from introducing evidence at the fact-finding hearing. We agree. "Family Court may, in its discretion, impose sanctions upon a party that fails to comply with a disclosure order" (Matter of Jesse E. v Lucia F., 145 AD3d 1373, 1374 [2016] [citations omitted], lv denied 29 NY3d 905 [2017]; see CPLR 3126). "However, the remedy of preclusion is reserved for those instances where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (Seale v Seale, 149 AD3d 1164, 1165 [2017] [internal quotation marks and citations omitted]; see BDS Copy Inks, Inc. v International Paper, 123 AD3d 1255, 1255-1256 [2014]; Kumar v Kumar, 63 AD3d 1246, 1248 [2009]). Further, Family Court "should only impose a sanction commensurate with the particular disobedience it is designed to punish" (Matter of Landrigen v Landrigen, 173 AD2d 1011, 1012 [1991]) and should not impose sanctions that "adversely affect the child's right to have issues affecting his or her best interest fully explored" (Matter of Stukes v Ryan, 289 AD2d 623, 624 [2001]).
Here, although the father failed to comply with court-ordered deadlines for responsive pleadings and discovery, the record lacks any evidence of willfulness on the part of the father to warrant a drastic sanction of complete preclusion (see Seale v Seale, 149 AD3d at 1165; Kumar v Kumar, 63 AD3d at 1249). The father was represented by assigned counsel at the May 7, 2018 conference during which the initial discovery schedule was established. Shortly thereafter, the mother served a first demand for interrogatories and combined discovery demand.[FN3] In the meantime, the father was assigned new counsel who appeared for the July 16, 2018 conference, at which time the deadlines were extended. At the fact-finding hearing, the father's counsel stated that delay in responding "is predominantly my fault and I will make that very explicitly clear on the record." In light of the preliminary conference orders, counsel also made the meritless assertion that the mother's discovery demands were ineffective for lacking court authorization. On the other hand, counsel did serve a response to the interrogatories — although that response was unverified. In light of the foregoing, we cannot conclude that the father's conduct was willful. Additionally, "modification of custody determinations requires a full and comprehensive hearing with the parties given the opportunity to present in open court evidence as to the best interest[s] of the child" (Matter of Stukes v Ryan, 289 AD2d at 624 [internal quotation marks, brackets and citation omitted]). Here, the preclusion of all of the father's testimony renders it difficult to determine the best interests of this child (see id.). Based on the foregoing, we remit the matter for a new hearing.
Clark, Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, the terms of said order shall remain in effect on a temporary basis.



Footnotes

Footnote 1: Family Court issued an order upon the mother's filing of the amended petition which, among other things, dismissed the original petition without prejudice and incorporated the interim orders into the proceeding on the amended petition.

Footnote 2: Although the custody order was entered on consent of the parties, the order notes that the father reserved his right to appeal.

Footnote 3: Copies of these discovery documents are not in the record.