Lisa I. v Manikas (2020 NY Slip Op 02846)





Lisa I. v Manikas


2020 NY Slip Op 02846


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

529712

[*1]Lisa I., Individually and as Parent and Guardian of N.Y., an Infant, Respondent,
v
Allan Manikas et al., Appellants, et al., Defendant.

Calendar Date: March 26, 2020

Before: Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Hagelin Spencer LLC, Buffalo (Sean M. Spencer of counsel), for appellants.
Cooper Erving & Savage LLP, Albany (Carlo A.C. de Oliveira of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Burns, J.), entered April 22, 2019 in Otsego County, which partially granted plaintiff's motion for a protective order.
In May 2016, plaintiff's 15-year-old daughter (hereinafter the child) attended a sleep over at a friend's home. The house was owned by her friend's parents, defendants Allan Manikas and Melissa Manikas (hereinafter collectively referred to as defendants). During the night, the child was allegedly raped by an adult male relative of defendants. The complaint alleges that defendants permitted the friend and the child to sleep in the relative's bedroom, wherein the relative provided alcohol and marihuana to the child. After the friend fell asleep on the floor of the bedroom, he allegedly sexually assaulted the child. In May 2018, plaintiff, individually and as the parent of the child, commenced this action asserting five causes of action — premises liability negligence, negligent supervision, loss of services, battery and intentional infliction of emotional distress.
As part of the litigation, defendants deposed the friend. During the examination, their attorney extensively questioned the friend about the child's prior sexual history and drug use. In anticipation that defendants would conduct an examination of the child in the same manner, plaintiff moved for a protective order, pursuant to CPLR 3103 (a), to preclude defendants from questioning the child during the deposition about her sexual history and drug use. Plaintiff argued that any questions of this nature would be for the purposes of intimidation and harassment. Plaintiff further argued that the Rape Shield Law, codified in CPL 60.42, afforded the child the same protections as a victim in a criminal case, and any testimony as to her sexual history and alleged pregnancies would be irrelevant and immaterial to this civil litigation. Defendants opposed the motion arguing that this line of questioning would be relevant to credibility and as to whether the child had a motive to fabricate the allegations for reasons of a purported pregnancy. Defendants assured Supreme Court that it was not their intent to harass or embarrass the child. Supreme Court partially granted plaintiff's motion by precluding defendants from examining the child regarding her prior sexual history, but permitted defendants to examine her regarding her purported drug use. In reaching this conclusion, the court determined that the Rape Shield Law applies to civil cases. Defendants appeal.
Defendants contend that Supreme Court erred in granting the protective order, as the Rape Shield Law is inapplicable to civil cases. We conclude that Supreme Court did not err in partially granting the motion for a protective order. However, in arriving at this conclusion, it is unnecessary for this Court to reach the question as to whether CPL 60.42 applies to civil cases, as Supreme Court had the responsibility and authority pursuant to CPLR 3103 (a) to issue a protective order to protect a party from harassment, irrespective of the application of the criminal statute.
As a general principle, it is well settled that a court "is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (Seale v Seale, 149 AD3d 1164, 1165 [2017] [internal quotation marks and citations omitted]; see DiCostanzo v Schwed, 146 AD3d 1044, 1045 [2017]; Cooper v McInnes, 112 AD3d 1120, 1120-1121 [2013]; Mokay v Mokay, 111 AD3d 1175, 1177 [2013]). "The court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]; see Cynthia B v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 457 [1983]). Further, courts have broad discretion in issuing a protective order for the purpose of limiting discovery but, for one to be issued, "a factual showing of prejudice, annoyance or privilege must be made" (Brignola v Pei-Fei Lee, M.D., P.C., 192 AD2d 1008, 1009 [1993]). Here, Supreme Court was required to balance plaintiff's concern that the child's sexual history is irrelevant, and that questions of this nature are nothing more than a form of intimidation and embarrassment, against defendants' argument that the child had a motive to fabricate the allegations of the assault because of a purported pregnancy. The record reveals that Supreme Court undertook a balancing of these concerns.
We find that plaintiff met her burden of showing annoyance and embarrassment. The child's sexual history, sexual conduct and pregnancies are not relevant or material to the elements of the causes of action for negligence, battery, intentional infliction of emotional distress or loss of services (see Greene v Aberle, 150 Misc 2d 306, 309 [Sup Ct, Suffolk County 1991]). Moreover, it has been determined that there is limited value to testimony concerning the sexual past of a victim of a sexual assault; instead, it often serves only to harass the victim and confuse the jurors (see People v Williams, 81 NY2d 303, 312 [1993]). Defendants' claim that the child may have had a motive to fabricate the allegations of the incident to cover up a purported pregnancy is undermined by the child's medical records, which include a negative pregnancy report six weeks prior to the incident.[FN1] Defendants' claim regarding the child's possible motive is nothing more than pure speculation (see People v Fields, 279 AD2d 405, 405 [2001], lv denied 96 NY2d 828 [2001]; People v Westfall, 95 AD2d 581, 585 [1983]). "A female plaintiff seeking damages for assault or rape need not be humiliated simply because she seeks compensatory damages" (Mason v Cohen, 108 Misc 2d 674, 676 [Sup Ct, NY County 1981]). Given that plaintiff demonstrated how the child would be subject to undue embarrassment and harassment by being questioned about her sexual history, and that her sexual history is irrelevant and immaterial to the elements of the causes of action and any defenses to the action, we find that Supreme Court did not abuse its discretion in granting a protective order precluding questions as to the child's sexual history.
Garry, P.J., Clark, Aarons and Pritzker, JJ., concur.
ORDERED the order is affirmed, with costs.



Footnotes

Footnote 1: These reports were in defendants' possession, having been obtained through discovery.