Matter of Emily RR. (Daniel QQ.) (2025 NY Slip Op 07254)

Matter of Emily RR. (Daniel QQ.)

2025 NY Slip Op 07254

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-24-0933
[*1]In the Matter of Emily RR. and Others, Alleged to be Abused and Neglected Children. Ulster County Department of Social Services, Respondent; Daniel QQ., Appellant.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

The Law Office of Kelley M. Enderley, PC, Poughkeepsie (Kelley M. Enderley of counsel), for appellant.
Ulster County Department of Social Services, Kingston (Rebecca L. Balzac of counsel), for respondent.
Claudia S. Davenport, Kingston, attorney for the children.

Fisher, J.
Appeal from an order of the Family Court of Ulster County (Jacqueline Ricciani, J.), entered March 14, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and neglected.
Respondent (hereinafter the father) is the biological father of two children (born in 2012 and 2013) and the stepfather of two stepchildren (born in 2006 [hereinafter the older stepdaughter] and 2008 [hereinafter the younger stepdaughter]). In October 2022, petitioner received a report of an incident between the father and the younger stepdaughter. An investigation ensued, during which each stepchild met separately with an independent forensic interviewer. Such forensic interviews were recorded and simultaneously observed by a caseworker for petitioner in another room. In November 2022, petitioner commenced this Family Ct Act article 10 proceeding against the father, alleging that he sexually abused the stepchildren and derivatively abused all four children. At the start of the fact-finding hearing, the father objected to the admission of the forensic interview recordings on several grounds, each being ultimately rejected by Family Court. Following the completion of the six-day fact-finding hearing, Family Court found that each stepchild had been separately abused and neglected by the father, and all four children were derivatively abused by the father. The father appeals.
We affirm. The father raises two evidentiary issues on appeal. First, the father contends that he is entitled to a new hearing because Family Court made several errors in the way it handled the recorded interviews. We disagree. "[I]t is well settled that a court is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion" (Lisa I. v Manikas, 183 AD3d 1096, 1097 [3d Dept 2020] [internal quotation marks and citations omitted]). In doing so, a court may "impose sanctions upon a party that fails to comply with a disclosure order" (Matter of Jesse E. v Lucia F., 145 AD3d 1373, 1374 [3d Dept 2016], lv denied 29 NY3d 905 [2017]). The remedy of precluding evidence is drastic and reserved for instances where the offending party's lack of cooperation with a disclosure order was willful, deliberate and contumacious (see Tardi v Casler-Bladek, 216 AD3d 1267, 1270 [3d Dept 2023]; Matter of Tara DD. v Seth CC., 180 AD3d 1194, 1196 [3d Dept 2020]).
Initially, the father failed to preserve his challenge to Family Court viewing the recordings before they were admitted into evidence (see Matter of Tibor I. [Tibor H.], 239 AD3d 1074, 1076 n 2 [3d Dept 2025]).[FN1] Although the father contends that the recordings were exchanged beyond a disclosure deadline and that his attorney did not have an opportunity to review them before the hearing, there is no evidence that petitioner's delayed disclosure of the recordings was willful[*2], deliberate and contumacious so as to warrant preclusion.[FN2] Rather, the record reveals that petitioner's counsel did not have authority to duplicate the recordings and had to rely on a subpoena to produce them at the hearing. The subpoena was on notice to the father's counsel, who did not object or otherwise move to quash the subpoena on the grounds that it was returnable beyond the disclosure deadline. While waiting for the subpoena to come back, and approximately two weeks before the start of the hearing, petitioner's counsel invited the father's counsel to review the recordings, which the father's counsel did not do. When the father's counsel objected to the admission of the recordings on the first day of the hearing, Family Court permitted her an additional week to watch the recordings; she then only watched a portion of one recording. Given that the father's counsel did not make any motions before the hearing and had access to the recordings prior to them being offered into evidence (see Armstrong v Armstrong, 72 AD3d 1409, 1410-1411 [3d Dept 2010]), we are satisfied that Family Court did not abuse its discretion in declining to impose the drastic sanction of preclusion (see Seale v Seale, 149 AD3d 1164, 1167 [3d Dept 2017]; cf. Matter of Tara DD. v Seth CC., 180 AD3d at 1196).
The father also contends that the recording of the older stepdaughter's forensic interview was improper bolstering of her testimony and therefore should have been precluded. We are not persuaded. There are two types of bolstering related to the rule against hearsay, and the type at issue here "refers to the fortification of a witness's testimony and credibility through the use of a prior consistent statement," which may be admissible where an exception to the hearsay rule applies (People v Spicola, 16 NY3d 441, 452 [2011] [internal quotation marks and citations omitted], cert denied 565 US 942 [2011]). In the context of a Family Ct Act article 10 proceeding, a child's "previous statements . . . relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect" (Family Ct Act § 1046 [a] [vi]). Such provision is a "statutory hearsay exception" (Matter of Kristie GG. v Sean GG., 168 AD3d 25, 28 [3d Dept 2018]), and permits a child's own sworn testimony to function as the requisite corroboration (see Matter of Christina F., 74 NY2d 532, 537 [1989]). This exception includes circumstances involving video-recorded statements by that child or another child (see Matter of K.H. [J.H.], 241 AD3d 1640, 1642-1643 [3d Dept 2025]), or to rebut a claim of fabrication (see People v McDaniel, 81 NY2d 10, 19 [1993]; People v Moore, 223 AD3d 1085, 1094 [3d Dept 2024], lv denied 41 NY3d 1003 [2024]). Here, the older stepdaughter's recorded forensic interview had to be corroborated, and the use of her own sworn testimony to do so was permissible and did not constitute bolstering[*3]. Further, based on the father's strategy of calling his sister-in-law to testify that the stepdaughters' mother had concocted a scheme to "get his money," the older stepdaughter's recorded forensic interview also served the additional purpose of rebutting the father's claim of fabrication. Accordingly, considering that Family Court has "broad discretion in determining the parameters for proof to be accepted at the hearing" (Matter of Andreija N. [Michael N.-Tiffany O.], 206 AD3d 1081, 1084 [3d Dept 2022] [internal quotation marks and citations omitted]), we perceive no error with respect to Family Court's evidentiary rulings related to the recordings (see Matter of K.H. [J.H.], 241 AD3d at 1643; Matter of Kristina S. [Michael S.], 160 AD3d 1057, 1058 [3d Dept 2018]).
As for the second evidentiary challenge on appeal, the father contends that Family Court erred in limiting the scope of his counsel's cross-examination of petitioner's witnesses. However, "only competent, material and relevant evidence may be admitted" (Family Ct Act § 1046 [b] [iii]; see Matter of Aiden J. [Armando K.], 197 AD3d 798, 799 [3d Dept 2021]). Family Court possesses broad discretion to control the scope of the examination of a witness (see Matter of Dustin JJ. [Clyde KK.], 114 AD3d 1050, 1052 [3d Dept 2014], lv denied 23 NY3d 901 [2014]), including where there is "limited value to testimony concerning the sexual past of a victim of a sexual assault" (Lisa I. v Manikas, 183 AD3d at 1098). Here, Family Court appropriately balanced the father's need to make certain inquiries into the specific allegations, including a shower incident with a cell phone, while shielding the older stepdaughter from questions relating to her sexual history that served no purpose other than to intimidate and embarrass her, and was otherwise irrelevant to the claims of sexual abuse lodged against the father (see id.). Relating to the line of questions posed to the older stepdaughter about the younger stepdaughter's medications and mental health, the father was permitted to make a limited inquiry but was unable to make an offer of proof within the relevant time period that was not speculative, irrelevant or outside the witness' scope of knowledge (see Matter of Akcay v Ayar, 184 AD3d 634, 635 [2d Dept 2020]; Matter of Romoan RR., 209 AD2d 861, 862 [3d Dept 1994]).Despite being given ample opportunity to present relevant evidence and lay a proper foundation, the father asked questions that were repeatedly overbroad in form and then failed to appropriately rephrase them when instructed to do so, ultimately choosing to rely on the father's testimony (see Matter of Mi-Kell V., 226 AD2d 810, 811 [3d Dept 1996]; Matter of Devanand S., 188 AD2d 533, 534 [2d Dept 1992]). Based upon our review of the record, we cannot say that Family Court abused its discretion in limiting the scope and manner of cross-examination under these circumstances (see Matter of Romoan RR., 209 AD3d at 862; Matter of Dustin JJ. [Clyde [*4]KK.], 114 AD3d at 1052; Matter of Shane MM. v Family & Children Servs., 280 AD2d 699, 701 [3d Dept 2001]). We have examined the father's remaining contentions and have found them to be without merit or rendered academic.
Pritzker, J.P., McShan, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The recorded interviews were several hours long and were not going to be played in their entirety during the hearing. Family Court advised that it would view the recordings before the next hearing day in order to determine admissibility and address substantive objections as to their contents. The father's counsel acknowledged that Family Court would do this and interposed no objection until the second day of the hearing — after Family Court had already viewed the recordings.

Footnote 2: The appellate attorney for the children further highlights that the father did not make any argument before Family Court that petitioner acted in bad faith or with willful noncompliance of the disclosure order.